## RACHEL H. BURGHARDT & others *vs.* CONRAD VAN DEUSEN & others.

If, in setting forth the petitioners' title in a petition for partition, it is alleged that at a par
ticular term of court partition was made of a lot of land by which the share of one of
several tenants in common therein was set out to him, and the petitioners claim to own
an undivided share of the residue, proof that the former partition was made at a different
term of court from that which is alleged is an immaterial variance.

Parties to a former petition for partition, in which a judgment for partition was rendered,
are bound thereby, and cannot in a subsequent petition by other tenants in common of
the same land object that the former petitioner had no title.

In a petition for partition, in which the petitioners claim title by descent from a former
owner, and the respondents claim title to the whole premises under a deed from the same
person, and it is in dispute whether the deed executed by him covered the premises, the
respondents cannot be allowed to introduce in evidence other deeds by him of lands not
in dispute, for the purpose of thus showing that he made distribution of all his lands in
his lifetime; or the valuation books of the town in which the land was situated, for the
purpose of showing that after the date of the deed in question he was not taxed for any
land; or to show that after the date of the deed work was done upon the premises by the
grantee, if no title by adverse possession is claimed.

A new trial will not be granted on account of the admission of evidence, unless the bill of
exceptions shows that it was or might have been prejudicial to the party excepting.

The decision of the presiding judge at a trial, upon the question whether papers which
have been read in evidence shall go to the jury, is not a subject of exception.

PETITION for partition. The bill of exceptions, in addition to
those facts which are sufficiently stated in the opinion, recited
that "the respondents, in order to show that in January 1809
Conrad Van Deusen distributed all his real estate in Great Bar-
rington, offered a deed from said Conrad to Jacob Van Deusen,
dated January 6, 1809; also his deed of the same date to John
Van Deusen; said deeds conveying land not in dispute. The
court rejected the evidence.

"The respondents offered the book of valuations in Great
Barrington (in which the premises were situated) to show that
Conrad Van Deusen was taxed for no real estate in said town
from 1809 to 1818, the date of his death; but the court rejected
the evidence. The respondents' counsel offered to prove that
work had been done on the premises by persons employed by
Isaac Van Deusen from 1809, without objection from any one;
and, being asked for what purpose this was offered, stated that
it was to show that no claim adverse to Isaac Van Deusen was

set up. The court excluded the testimony. The respondents did not set up any claim by prescription."

" The petitioners introduced, the respondents objecting, a deed from Ralph Taylor to said Isaac Van Deusen, and one from Jacob Van Deusen, son of said Conrad, deceased."

The trial in the superior court was before *Russell*, J., who, against the respondents' objection, allowed various records and documents, which had been read in evidence, to be taken by the jury when they retired to deliberate on their verdict. The verdict was for the petitioners, and the respondents alleged exceptions.

*I. Sumner*, for the respondents.

*J. E. Field*, for the petitioners.

MERRICK, J. The petitioners are the devisees of Isaac Burghardt, whose mother was the daughter and one of the six heirs at law of Conrad Van Deusen. The premises of which partition is sought for in this suit, and of which it is alleged that he died seised and possessed, consist of a certain described part of a larger tract of land called and known as the " Timbershin lot." The respondents claim that the whole of that lot was conveyed by said Conrad, by his deed of the 6th of January 1809, to their father, Isaac Van Deusen, and was thereafter, by his administrator, conveyed by deed duly executed to them. The petitioners deny that the whole of the " Timbershin lot" was conveyed by said deed of Conrad to Isaac Van Deusen, and insist that the premises of which they seek partition were not included in the description contained in the deed, nor conveyed by it. This was the real question in issue upon the trial; and it was submitted to the jury upon the conflicting evidence in the case, under instructions to which no objection is made, as a question of fact to be determined by them. They returned a verdict for the petitioners; and it was thereby established as a fact that the premises described in the petition were not conveyed by Conrad to Isaac Van Deusen. And judgment should now be rendered on the verdict, unless some one of the several objections to the ruling of the court taken by the respondents during the progress of the trial is well founded and ought to be allowed to prevail.

It is set forth in the petition that John C. Van Deusen, one of the sons and heirs at law of said Conrad, caused the one undivided sixth part of said portion of said " Timbershin lot " not conveyed to Isaac Van Deusen, which descended to him by inheritance from his father, to be set off to him in severalty, by due process of law ; and that the petitioners are consequently entitled to two-thirds of one-fifth of the remainder of said portion, being the premises described in the petition, in common with the respondents.   On the trial, they produced the record of such partition, from which it appeared that judgment was rendered therefor in behalf of said John C. at the October term of the court of common pleas for the county of Berkshire in the year 1852.   In the petition it is stated that said partition was accepted and recorded at a term of said court held in February 1853.   And the respondents objected to the admission in evidence of the record produced, on account of this variance.   But this objection was overruled, and the record was held to be admissible.   This was correct.   It was essential to the maintenance of the petition that the petitioners should show that they were, as they alleged themselves to be, entitled to an interest in one undivided fifth part of the premises described ; and to that end it became necessary to show that one of the six heirs at law of said Conrad had caused his undivided sixth part or share of the estate which descended to him in common with the others to be duly set off and assigned to him in severalty, thus leaving the other heirs at law entitled each to one undivided fifth part of the land which remained after such partition.   It was material to the petitioners only to allege and prove the fact of the partition ; the time when it was made was of no importance.   And if they proved the fact, it is of no consequence that they erred in their description of the term of the court when the judgment by which the partition was effected was rendered.   The variance therefore pointed out and relied upon by the respondents in support of their objection is immaterial, and affords no reason for excluding said record from admission in evidence.

The judgment for partition in favor of John C. Van Deusen was in a proceeding to which the respondents were parties, and

it is therefore conclusive upon them. Consequently the objection now urged to the maintenance of this petition, that before the rendition of that judgment all his interest and estate in the premises had been taken and set off under the levy of an execution against him in favor of Ralph Taylor, cannot now be availed of by them. They are bound by the judgment, and cannot contest its validity. The petitioners make no claim under the deed of Taylor; nor do the respondents rely upon it in their defence.

All the evidence offered by the respondents, which was rejected by the court, was properly excluded. The deeds of Conrad Van Deusen to Jacob and John C. Van Deusen had no relation to the premises or to the land conveyed to Isaac Van Deusen, and therefore have no tendency to show the extent of the conveyance, or what land was included in the boundaries described in the deed to him. The book of valuations in Great Barrington was inadmissible, because its contents are merely statements of strangers to the title which cannot affect the rights of any party having an interest in the estate which is the subject of controversy. And as the respondents do not set up any claim to the premises by prescription or adverse occupation, the evidence in relation to the non-payment of taxes on the premises by Conrad Van Deusen, or to the occupation thereof by Isaac, or to the work done thereon by persons in his employment and under his direction, was immaterial, and could not properly affect the determination of the question in issue between the parties.

The petitioners were allowed, against the objection of the respondents, to introduce in evidence a deed from said Taylor to Isaac Van Deusen and another from Jacob to Henry Van Deusen. The bill of exceptions does not show for what purpose these deeds were produced by the petitioners, or why they were objected to by the respondents, or for what reason they were permitted to be read in evidence. There is nothing, therefore, upon the record or before the court to show that there was any error in the ruling of the court in relation to those deeds. So far as anything is disclosed, they would seem to

have been wholly immaterial; but, in the absence of any state-ments indicating that they were improperly allowed to be sub-mitted to the jury, it is to be presumed that the course of proceeding in admitting them in evidence was correct.

All the papers and documents which were admitted in evi-dence upon the trial were properly allowed to be taken by the jury, when they withdrew to consider of their verdict. That was a matter within the discretion of the presiding judge. *Whithead* v. *Keyes*, 3 Allen, 498. Generally, all papers which are duly admitted in evidence should go to the jury.

None of the exceptions taken by the respondents can be sus-tained; and judgment must accordingly be entered on the ver-dict.