MILTON A. HAMILTON v. REBECCA P. LANGLEY.

*Mortgage on leased premises—Presumption of error.*

1. A clause in a lease providing that anything placed on the premises shall be liable for the rent, and that the lease shall constitute a mortgage to secure it, and that on default the lessor may seize and sell the property on certain notice, and may retain from the proceeds the rent and the "costs of such sale," does not justify the detention of property so seized if the rent is paid without sale and there is no showing of actual costs or of information thereof to the lessee, or of any notice of proceedings to be taken.

2. Error cannot be presumed; but on the other hand it may be presumed that an appellant's record is as favorable to him as he is entitled to have it as to facts that are so essential that they cannot be overlooked.

Error to Wayne.  (Chambers, J.)   Jan. 25.—Feb. 6.

REPLEVIN.   Defendant brings error.   Affirmed.

*Hawes & Phelps* for appellant.

*Charles B. Howell* for appellee.

CAMPBELL, J.   Plaintiff recovered in replevin against defendant, before a justice and .on appeal, · for her unlawful detention of personal property, which she seized under claim for rent and refused to restore without payment of certain alleged charges.   She now brings error to this Court on exceptions to the charge, which was in favor of plaintiff's recovery.

It appears from the record that plaintiff was her tenant, and in arrear for some rent.   On the 21st of October, 1882, at some time, which is only characterized in the record as before sunset, while his place of business was closed, and he absent, defendant by means of a key which she had kept without his knowledge got into the store and carried off the property in question.   The next day, October 22d, he offered to pay the rent due, but she refused to let him have the property unless he would ´also pay her $9.50 which she claimed as costs of proceedings, under her claim to the rights of a mortgagee.   It does not appear from the record what these costs were, and as far as it shows anything it indicates that no expenses, or none of any account had been incurred.   It does not appear that she had taken any steps to give notice, or that the notice, if begun, could have cost this sum.   Neither does it appear that she explained to him or to any one what these charges were.

On the 1st of November, 1882, she began proceedings to oust plaintiff, and he paid up the rent and the commissioner's costs, but refused to pay her the other sum before demanded.   The property was not seized on the writ of replevin, and on the 2d of November, while her proceeding was pending before the commissioner, she advertised the property for sale.

On the trial defendant asked five charges, each of which insisted on a direction that the verdict should be for defendant, for various assumed reasons. The circuit court refused these charges, and ruled that plaintiff was entitled to a verdict.

The defendant's claim to possession arose out of a clause in the lease, whereby it was agreed that all property which was or should be placed on the premises, should be liable, and the lease should constitute a lien or mortgage to secure the rent. It was further provided that on default she might seize the property and sell it as under a default on chattel mortgage, on six day's notice, to be posted in three places in Detroit, and from the proceeds retain the rent and "costs of such sale."

It is not important on this record to consider what is the precise nature of such a security. There is nothing whatever in the record to show that she gave evidence at the circuit of any costs or expenses incurred. It is manifest that there were no costs of sale, and it seems to be fairly implied that she had taken no steps to post notices when she refused to give up the property to plaintiff. It is certain no legitimate costs could have been incurred to the amount claimed, and it is equally clear that she could not hold plaintiff in the wrong until she had informed him distinctly of costs which he was bound to pay. As error cannot be presumed, and as the facts, if existing, were so essential that no one could overlook them, there is no reason to suppose that the record is not as favorable for her as she was entitled to have it. If so, she was evidently in the wrong, and plaintiff was entitled to the judgment which both courts awarded him.

The judgment should be affirmed.

The other Justices concurred