## GEORGE D. BULEN v. JOHN H. GRANGER.

[See 56 Mich. 207; 58 Id. 274.]

*Evidence—Proof of signature to instrument—Stenographer's notes— Reading to jury by consent—Improper references of court— Taking document to jury-room.*

1. In a suit on a due-bill the genuineness of the signature of the maker was sworn to by another than the subscribing witness, without objection until the paper was offered in evidence, when it was objected to as "incompetent without other testimony of the signature," but was received.

   *Held,* that the witness testified, *presumably,* from *knowledge,* and the ruling was correct.

2. Where, in *such* a case, the *after* cross-examination of the witness disclosed that he was *not* familiar with the *handwriting* of such maker, and did not remember ever seeing the *same*, a motion to direct a verdict for the defendant on the ground that there was no proof of such signature was properly refused, subsequent testimony by *both* parties showing that the paper was written and signed by the defendant.

3. Where, by stipulation, the testimony of a witness on a former trial of a case was, read to the jury by the stenographer from his notes, during which reading no objections were made or rulings had,—

    *Held*, that objections taken and rulings made thereon during the *original* introduction of such evidence are not brought up for review on a bill of exceptions based on such *second* trial.

4. Where, in his charge to the jury, the trial judge called attention to the defendant's "habits of drinking and gambling," by reason of which his wife was forced to leave him, as bearing upon the *weight* to be given to his testimony in the case, and the record fails to disclose any testimony upon which to base such statements,—

    *Held*, that error is well assigned on such charge.

5. Where a so-called due-bill was fully proved to the jury, and admitted in evidence before them, and no question concerning its authenticity existed,—

    *Held*, not error for the court to send it to the jury-room for inspection by the jury on *their* request.

    *Held*, further, that the *general* rule is against such a practice, and, if the Court could see how any prejudice could have resulted to the defendant from its exercise in this case, a reversal would be granted on that ground.

    *Held*, further, that while the granting of such a request is discretionary with the trial judge, like requests to charge, his ruling thereon is subject to review.[1]

Error to Wayne. (Jennison, J.) Argued October 12, 1886. Decided October 21, 1886.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*Henry M. Cheever*, for appellant:

---

[1] See *Harroun v. Chicago & West Michigan R. R. Co.*, 12 West. Rep. 556, qualifying rule laid down in *Millar v. Cuddy*, 43 Mich. 274.

The court erred in permitting the due-bill to be taken to the jury-room: *In re Foster's Will*, 34 Mich. 21; *Kalamazoo Novelty Manufacturing Co. v. McAlister*, 36 Id. 327; *Chadwick v. Chadwick*, 52 Id. 545.

*Levi T. Griffin*, for plaintiff:

The taking of the due-bill to the jury-room was discretionary with the court: *Canning v. Harlan*, 50 Mich. 320.

CHAMPLIN, J. Action was commenced before a justice of the peace to recover an alleged balance due upon the following written instrument:

> "DETROIT, May 16, 1882.
> "Received of Mrs. Millie M. Granger $475, to be paid when store No. 20 Monroe avenue is sold, or money borrowed on the same.                       J. H. GRANGER.
> "Witness: A. MILLER, Manager."

The declaration was in writing, and was quite general in its terms. It set forth that on the eleventh day of July, A. D. 1882, at the city of Detroit, the defendant was indebted to Millie M. Granger in the sum of $239, for money then and there loaned by said Millie M. Granger to defendant at his request. It then alleged the assignment of her account, claim, and demand, for money loaned as aforesaid by said Millie M. Granger, to plaintiff.

The case was brought, by appeal, to the circuit court for the county of Wayne, from whence it has been thrice brought to this Court upon writs of error. The former decisions are reported in 56 Mich. 207, and 58 Id. 274.

The first error assigned is upon the admission of the paper writing in evidence, for the reason alleged of the insufficiency of the evidence of defendant's signature. The witness testified that the signature was John H. Granger's, the defendant.

The witness who thus testified was not the subscribing witness to the signature, but the attorney for the plaintiff. The objection was not based upon the fact that the subscribing witness was not called, or any reason given for not call-

ing him, but for the reason that it was incompetent without other testimony of the signature.[1] The witness testified, presumably, from knowledge, and no cross-examination was entered upon previous to the introduction of the instrument to show otherwise. The objection made was properly overruled, and the writing was then read in evidence.

After some further testimony was given, the witness, on cross-examination, testified that he was not familiar with defendant's handwriting, and did not remember that he ever saw Mr. Granger's handwriting; whereupon the counsel for defendant asked the court to direct a verdict for defendant on the ground that there was no proof of signature of the defendant to the paper introduced. This was refused, and error is assigned thereon. In this ruling no error is perceived. Subsequent testimony on the part of both plaintiff and defendant abundantly proved that the paper was both written and signed by defendant.

The plaintiff having made a *prima facie* case, the defendant was put upon his defense. He claimed and gave testimony tending to establish the fact that the paper writing was obtained from him under the pretense and promise that Millie M. Granger would use that amount of money to pay and discharge certain indebtedness of defendant. She was at that time his wife, but since divorced. He was carrying on a drug store at No. 20 Monroe avenue, and employed Armin Miller as manager, and he claims that his then wife never paid the indebtedness which she promised to do, and for which the paper writing was given, but that he had paid it himself, and that, therefore, there was no consideration whatever for the promise contained therein. To make out this defense, the defendant not being able to personally

---

[1] Act No. 122, Laws of 1885, provides that, whenever a written instrument is offered in evidence to which there is a subscribing witness, it shall *not* be necessary to *call* such witness, but the instrument may be proved in the same manner as though there were no subscribing witness thereto, *except* in cases where one or more subscribing witnesses are *necessary* to the *validity* of the instrument.

attend the trial of this cause, his testimony as given on a former trial was, by stipulation, admitted in evidence. It was read by the stenographer from his minutes, during the reading of which no objections were made or rulings had. There appears, however, to have been objections and rulings made thereon during the introduction of the evidence of the witness at the former trial, and defendant's counsel insists that such rulings are brought up for review upon this record. The position is untenable. No rulings are brought up for review upon this record save those to which exceptions were taken on the trial.

The plaintiff, in rebuttal, introduced as a witness the said Millie M. Granger, who gave testimony tending to prove that the paper writing in controversy was given to her by defendant in consideration of her having paid that amount of the indebtedness of defendant to different persons. She and the defendant were the only witnesses who testified as to what the transaction was at the time the writing sued upon was given, and their testimony was directly opposed to each other.

There are twenty-three errors assigned upon the record, two of which have been noticed above, and of the remainder but two need be discussed. One relates to the charge of the court to the jury, and the other to the action of the court in permitting the paper writing signed by the defendant to be sent to the jury after they had retired to deliberate upon their verdict, on their request, and against the objection of defendant's counsel.

In the course of his charge, the court remarked to the jury as follows:

" The principal testimony, as you have already observed, comes from the husband and wife, and the question is, which will you believe? To determine this question, you will consider the appearance of the parties upon the stand, their interest in the result of the suit, their manner of giving testimony, and the probabilities of the truth of the two stories, and all other evidence bearing upon the issue. You have

seen Mrs. Granger on the witness-stand here, and have heard her testimony. Mr. Granger did not appear, but the testimony given by him on a previous trial was read to you from the reporter's notes. In estimating the value of their testimony, I think it proper to call your attention to Mrs. Granger's testimony regarding her husband's habits of drinking and gambling, and that his habits and conduct were such that she was obliged to leave him, which she did soon after she received the said due-bill; because, as I said before, the appearance, the habits, and character of the two witnesses all enter into the question as to which side you will believe,— as to what weight you will give their testimony; but it is for you to say where the truth lies,—that belongs to the jury."

The defendant's counsel excepts to these remarks, and insists that there was not one word of testimony before the jury as to Mr. Granger's habits of drinking or gambling, or that his habits were such that Mrs. Granger was obliged to leave him, or that she left him soon after she received the due-bill. The bill of exceptions contains the statement that it contains, substantially, all the testimony in the case upon the points raised by the exceptions. The counsel for defendant is right. There is no testimony whatever in the record before us upon which to base the statement made by the court to the jury respecting the habits and character of defendant. Such a statement, coming from the trial judge in a case where the defendant had not testified personally before the jury, and was not present at the trial, could not fail to lessen the weight to be given to his testimony, and to impress the jury unfavorably against the merits of defendant's case. The criticism appears to have been uncalled for, and the error upon this portion of the charge is well assigned.

After the jury had deliberated for about three hours, they sent to the court, and requested to see the paper writing signed by defendant, and called during the trial a due-bill. The court inquired of counsel if they had any objections. The counsel for plaintiff consented, but counsel for defendant objected. The court, being under the impression that it was

a matter within its discretion, sent the paper to the jury. Error is assigned upon this action of the court.

In *Re Foster's Will*, 34 Mich. 24, the court refused the request of counsel to permit the will to be taken to the jury-room. Mr. Justice CAMPBELL said:

"The refusal to require the original will to be taken to the jury-room, when the jury had not desired it, was not contrary to law or practice. It has even been questioned whether it could properly be allowed at all, but this seems to be rather disfavored than absolutely erroneous."

After commenting upon the impropriety and danger to result from jury-room inquests, when the genuineness of the instrument is in controversy, he adds:

"No harm can usually result from the possession of documents in the jury-room, because they seldom call for examinations of their genuineness, and are usually only important for their contents."

In *Kalamazoo Novelty Manuf'g Co. v. McAlister*, 36 Mich. 330, during the progress of the trial, the secretary's book of record was produced, and some three pages of its contents were admitted in evidence. The judge allowed the jury, against the objection of the counsel for the corporation, to take with them to their room the book in question, and directed them to look only on page 44. Mr. Justice GRAVES said:

"That it is sometimes proper to allow documents in evidence to be taken to their room by the jury is beyond question; but the practice is one exposed to much risk, and it ought not to be allowed, except in cases where the propriety of it is very obvious; and, in general, it should not be indulged when either party objects. Still, cases are liable to arise in which justice would require it, and where refusal to consent would be unreasonable, and, on such occasions, the dissent ought not to prevail. It is hardly safe to attempt a definition of the proper rule by the mention of the exact documents which should be suffered to go to the jury-room."

In that case the Court held it was error.

In *Canning v. Harlan*, 50 Mich. 323, the circuit judge

refused the request of the defendant that the jury be permitted to take to their room a certain receipt. Mr. Justice COOLEY said:

"As to this, we have only to say that there is no law requiring it. It was discretionary with the court to grant the request or refuse it."

In *Chadwick v. Chadwick*, 52 Mich. 549, Mr. Justice SHERWOOD said:

"It is usually improper to let the jury take the testimony, consisting of books, papers, and depositions, etc., with them to the jury-room. The jury are to receive the testimony in open court. The plaintiff, however, waived the irregularity by allowing it to be done in this case without objection."

Under these decisions, it is not perceived that the court committed any error in permitting the so-called due-bill to be given to the jury. The document was fully proved by the testimony of defendant and Mrs. Granger. There was no question concerning its authenticity, and the contents could as well be obtained by the jury by their reading it in their room, it having been introduced in evidence, as by the jury returning into the court-room and having it read to them. The general rule, however, is against the practice, where objection is made; and, if we could see how any prejudice could have resulted to the defendant from its having been done in this case, we should not hesitate to reverse on that ground. While it is discretionary with the court to grant or refuse such request, like requests to charge, his ruling thereon is subject to review.

For the error pointed out, the judgment must be reversed, and a new trial had.

The other Justices concurred.