THE PEOPLE v. EDWIN DOWDIGAN AND JOSEPH DEVRIES.

[See *post, 95.*]

*Criminal law—Evidence—Sending document to jury-room.*

The testimony in criminal cases is always to be given in open court, and in the presence of the accused; and the practice of sending papers to the jury-room, even in *civil* cases, is dangerous, and not often to be resorted to, and in *criminal* cases *never.*[1]

So *held,* where the testimony of a complaining witness taken on the preliminary examination was received in evidence on the trial, against respondent's objection, and after the jury had retired they requested that it be sent to the jury-room, to which respondent's counsel objected, and the request was refused, but afterwards, during the absence of said counsel, the request was renewed, and the testimony, to which was attached the complaint and warrant and testimony of another witness, was sent to the jury.

Error to Osceola. (Judkins, J.) Argued June 28, 1887. Decided October 6, 1887.

Respondents were convicted of the crime of rape Conviction reversed and new trial granted. The facts are stated in the opinion.

*Charles A. Withey,* for respondents.

*Moses Taggart,* Attorney General, and *Ransom Cooper,* prosecuting attorney, for the People.

CHAMPLIN, J. Defendants were convicted of the crime of rape upon an Indian woman of the age of 75 years.

There are 21 assignments of error, only one of which will be noticed.

---

[1]See *Bulen v. Granger,* 63 Mich. 312 (head-note 5); *Hewitt v. F. & P. M. R. R. Co.,* 67 1d. 62 (head-note 11).

The complaint upon which respondents were arrested and tried was made by the injured woman, Mary Penasa, who soon thereafter died from the effects, as it was claimed, of the injuries received.

Upon the trial, the testimony given by the complaining witness upon the examination was read in evidence, against respondents' objection. After the testimony was closed, the court gave his instructions to the jury, who, after having retired for deliberation, but soon thereafter, sent the officer in charge to the bar of the court with a request for the written evidence of Mary Penasa; whereupon the court asked the prosecuting attorney if he had any objections to the jury having the said evidence in their jury-room, and he replied that he had not. The same inquiry was made of the counsel for the accused, who objected, and the court said, " Very well, the evidence will not be sent for the present," and instructed the officer to say to the jury that they could not have the evidence asked for.

Several hours later, and in the evening of said day, after counsel for respondents had left the place and court, and returned to Reed City, where they resided, said jury again called for the evidence of said Mary Penasa as taken on her examination before the magistrate, and thereupon the said court allowed the said evidence to go into the hands of said jury, and also allowed to go to said jury, in connection therewith, the written evidence of Eliza Gah-bah-yah as reduced to writing at the preliminary examination before the justice of the peace, also the original written complaint of Mary Penasa upon which the warrant for the arrest of the accused was based, and said warrant. Said papers, containing the evidence of Eliza Gah-bah-yah, and the said original complaint of Mary Penasa upon which the warrant was issued, and said warrant, were all attached together with the evidence of Mary Penasa, and were passed into the hands of

the jury through inadvertence; the court not being aware that said objectionable matters were attached.

We do not think the court was justified in sending the papers to the jury-room. It is a dangerous practice even in civil cases, and one not often to be indulged in, and in criminal cases never. The testimony in criminal cases is always to be given in open court, and in the presence of the accused. *Chadwick v. Chadwick*, 52 Mich. 545; *In re Foster's Will*, 34 Id. 21.

Our attention is challenged to what appears in the brief of counsel for the respondents to some unjust and unmerited aspersions upon the action of the prosecuting attorney acting in behalf of the people. We find no warrant in the record for the charges made against this official. He appears to have acted in good faith, in the discharge of his official duties. We must attribute these unwarrantable assumptions to the overzealousness of counsel for his clients, whom the record before us places in no enviable light. It was admitted by counsel upon the trial that the respondents were guilty of assault and battery upon that aged woman, but, if the testimony of the witnesses be true, it points to them as the perpetrators of one of the most detestable and outrageous crimes known to the law.

For the *error* pointed out the judgment will be reversed, and a new trial ordered. The respondents will be remanded to the custody of the sheriff of Osceola county.

The other Justices concurred.