## WALKER *v.* NEWTON.

1. NEW TRIAL—REVIEW ON ERROR.

   3 Comp. Laws, § 10504, providing that, where a motion for a new trial has been refused, "the party appealing the case may incorporate in the bill of exceptions a record of all proceedings had on the motion for a new trial," authorizes a writ of error for the sole purpose of reviewing the action of the circuit court in refusing to grant a new trial. GRANT, J., dissenting.

2. EXHIBITS IN JURY-ROOM—CONSENT.

   A finding by the trial court that counsel for both parties consented that exhibits should be taken to the jury-room renders it unnecessary to determine whether, without consent, the exhibits were properly submitted.

Error to Chippewa; Steere, J. Submitted April 11, 1902. (Docket No. 58.) Decided May 19, 1902.

*Assumpsit* by Samuel Walker and another against Henry L. Newton to recover a balance due on a building contract. Plaintiffs had verdict and judgment, and, a motion for a new trial having been denied, defendant brings error. Affirmed.

*Warner & Sullivan*, for appellant.

*John W. Shine* (*E. S. B. Sutton*, of counsel), for appellees.

GRANT, J. In this case a bill of exceptions was settled, and the case brought to this court by writ of error, for the sole purpose of reviewing the action of the circuit court in refusing to grant a new trial.

The right to review the order of the court in refusing a motion for a new trial is purely statutory. It can only, in my judgment, be reviewed when a bill of exceptions is settled for alleged errors during the progress of the trial. The statute reads as follows:

"That in all cases hereafter taken to the Supreme Court on writ of error or appeal, where a motion for a new trial has been previously refused by the trial judge, the party appealing the same may incorporate in the bill of exceptions a record of all proceedings had on said motion for a new trial, including the reasons given by the trial judge in refusing to grant said new trial. Exceptions may be taken and error assigned on the decision of the circuit judge in refusing such motion, and the same shall be reviewed by the Supreme Court." 3 Comp. Laws, § 10504.

I do not think the statute authorizes an independent bill of exceptions and writ of error to review the orders of courts upon such motions.

My Brethren do not agree with me in the views above expressed, and are of the opinion that the statute authorizes a writ of error and bill of exceptions upon a decision of the court upon motion for new trial. It therefore be-

comes essential to determine the question raised upon the motion.

After the case was submitted to the jury, the court, in the absence of counsel, permitted, at the request of the jury, certain of the plaintiffs' exhibits to be sent to them. This is the sole ground now urged for a reversal of the judgment. The finding of the court upon this point is as follows:

"In that connection, it is the conclusion of the court that the action referred to was further justified by the peculiar circumstances of the case. The matter of allowing the jury to take and examine papers in the case was first called to the attention of the court by counsel for the defendant. This was opposed by counsel for plaintiffs, and considerable discussion was had thereon. Finally, counsel for plaintiffs withdrew their opposition, and consented to any exhibits in the case being given to the jury during their deliberation, if they were desired. Much discussion was had during the canvassing of this question, as the result of which the impression was given to the court that it was the desire, or at least agreeable to both parties, that any exhibits in the case should be given to the jury if they asked for them. At the conclusion of this discussion the court said to the jury in the presence of both parties, 'Counsel has stated that you can have these exhibits, gentlemen, if you wish them.' Counsel for defendant made no objection at that time, although in the presence and hearing of the court when this statement was made. Later on, and while the jury were in their jury-room deliberating upon their verdict, they sent for certain exhibits, which were given to the officer in charge and taken to the jury. While this was being done, the court sent for counsel for the respective parties, informed them of what was taking place, and told them—both counsel for plaintiffs and counsel for defendant—that any exhibits which they desired sent to the jury-room would be sent now, if they would suggest them. At that time the court for the first time learned that counsel for defendant were opposed to the jury having the exhibits during their deliberation. Such being the situation, the conclusion of the court is that the court was justified, under the peculiar circumstances of this case, in sending to the jury-room the exhibits called for; and also it is the conclusion

of the court that it was, under any circumstances, a discretionary matter, and within the power of the court to allow the exhibits which were sent to the jury-room to be given to the jury when called for."

The finding of the court that counsel consented to the exhibits being taken to the jury-room is conclusive, and renders it unnecessary to determine whether, without consent, the exhibits were properly submitted.

The judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.