FIBUS VS ST. LOUIS & S. F. R. CO.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 568).

1. *Writ of Error—Assignment of Error.*

An assignment of error is a pleading, and must state facts showing a sufficient cause for reversal.

2. *Same.*

An assignment of error is assumed to be stated for the plaintiff in error as favorably as the facts will allow.

3. *Same.*

An assignment of error, in an action for injuries to mules while in transit, alleging that the court submitted the live stock contract sued on to the jury after its retirement, neither the plaintiff nor his attorneys being present, or having notice of such action, but not alleging that the jury disagreed as to any part of the testimony, or a request by it to be brought into court for further information, does not bring the alleged error within the provisions of Ind. Ter. Ann. St. 1899, § 3340 (Mansf. Dig. Ark. § 5135), which provides that if, after the jury have retired, there is a disagreement as to any of the testimony, or if they desire further instruction, they may request to be taken into court, where the information needed shall be given in the presence of the parties or their attorneys; the inference being that the court, on its own motion sent the

. contract to the jury, and therefore in consideration of the alleged error that statute may be eliminated.

4. *Same—Prejudicial Error.*

It was not prejudicial error, in a trial to recover for injuries to mules in transit, for the court on its motion, in the absence of plaintiff or his attorneys to send the live stock contract sued on to the jury after it had retired.

Error to the United States Court for the Central District of the Indian Territory; before Justice T. C. Humphrey, April 10, 1905.

Action by H. Fibus against the St. Louis & San Francisco Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*Wilkins & McIntosh,* for plaintiff in error.

*P. L. Soper, J. H. Huckleberry,* and *Thos. H. Owen,* for defendant in error.

LAWRENCE, J. This was an action brought by plaintiff in error against defendant in error to recover damages for injury to a car load of mules and horses while in transit over the defendant's railroad. An issue of fact was joined and tried to a jury, which resulted in a verdict in favor of defendant. Judgment was rendered on this verdict. Motion for new trial was overruled. Plaintiff brings his writ of error, assigning three errors: First, error in submitting to the jury, after the case had closed and the jury had retired to consider of its verdict, the live stock contract, the ground of action, without the knowledge of plaintiff or his attorneys; second, overruling plaintiff's motion for new trial; third, overruling the motion for new trial on the ground that the verdict was not sustained by the evidence and was contrary to the law and the evidence. Attorneys for plaintiff in their brief state: "There is only one point we shall submit to the court and urge as an error for reversing this case, and that is: Did the trial judge commit reversible error in permitting the jury to have said contract

and take same to their room after they had been sent out for deliberation, without the consent of plaintiff, or his attorney, or without giving either of them notice of same?" We will therefore only consider this single alleged error.

Counsel urge that this action of the court is in direct violation of section 3340, Ind. Ter. Ann. St. 1899 (section 5135, Mansf. Dig. Ark.), which provides: "After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of or after notice to the parties or their counsel." The assignment of error is equivalent to one count of a declaration, and must state facts showing a sufficient cause for the reversal of the judgment of the trial court. It is to all intents and purposes a pleading, and is presumed to be as favorable to the plaintiff in error as to the facts will allow. It is human for every one to present those features of his case that are most favorable to his success. His contention cannot therefore be broader than his assignment. It is alleged that the court submitted to the jury, after it had gone to the jury room to consider of its verdict, the live stock contract upon which this action was based, without the presence of plaintiff or his attorneys, and without notice to them. There is an omission of the allegation that there was a disagreement of the jury as to any part of the testimony, and a request by it to be brought into court, where the information required should be given. The plain inference from the statements of the assignment is that the court, upon its own motion, sent the contract sued upon into the jury room. The statute cited does not fit this condition of fact, so it may be eliminated from the consideration of the error assigned.

The inquiry then arises whether or not this was mis-

conduct of the court, and, if so, such an error so prejudicial
to the rights of the plaintiff in error as to require this court
to sustain the assignment of error and reverse the judgment
of the lower court. The gist of plaintiff's complaint is that
he was not present when the supposed wrong was done, and
had not received notice in advance of it. Therefore we are
to infer that had he been present, or had received notice, the
cause for complaint would not exist. The mere sending to
the jury the contract sued upon was not the vice of the trans-
action. This is manifestly true, for it could not be contended
that it would be error for the jury to have with it, in the jury
room, the contract that must necessarily have been received
by them in evidence at the trial and which they had the right
to then inspect, and probably did so. Had the jury, as pro-
vided in said statute, disagreed as to any part of the testimony,
and had requested information in regard' to it, the proper
thing for the court to have done would have been to bring
it into court, in the presence of the parties, and then have given
it the desired information. The implied admission by the
plaintiff is that it would not have been error upon the part
of the court to have brought the jury into court, and there, in
the presence of the parties to the suit, or in their absence,
had notice been given them, delivered the contract sued upon
to it, to be carried to the jury room. And, for a like reason,
it would not have been error for it to have taken the contract,
upon first retiring to the jury room. In the absence of positive
law to the contrary, it cannot be error for a trial court to allow
a jury to carry to the jury room the instruments of writing
sued upon, and in many jurisdictions it is the uniform practice
to do so. Suppose they were promissory notes sued upon,
it would be absolutely necessary that the jury should have
them to properly compute the amount due thereon.

Counsel cites cases from Supreme Courts of New York,
North Carolina, Michigan, and Indiana, which appear to hold

that it is reversible error for the court to permit the jury to take out papers of any kind without consent of the parties to the suit or their attorneys. Those cases are not before us, and we are not advised if they are decided under statutory provisions, or whether the peculiar circumstances of the cases take them without the general rule; but we assume that they relate to papers that were not the cause of action. In one of the cases cited (Outlaw vs Hurdle, 46 N. C. 150), it was said: "That writings should not be submitted to the jury for their inspection, but should be read, and that all evidence should be addressed to their hearing, and not to their sight." That decision was made many years ago, before the custom of using as evidence photographs, models of machinery, maps, and plats became in vogue. The current of more recent opinions of courts of the highest respectability is the other way. The case of Louisville & N. R. Co. vs Berry's Adm'x, 96 Ky. 604, 29 S. W. 449, is analogous to the one at bar, and the section of the Kentucky statute quoted in the opinion is identical with the Indian Territory statute above set forth. In this case the court held as follows: "There was a model of a trestle made and exhibited on the trial, for the purpose of showing the situation of Berry at the time he fell, and the process by which the timber was raised. And it is now urged for ground of reversal that, after the jury retired, one of them returned, and, without permission of court, carried that model to the room. There is no provision of the Civil Code directly applicable to the question raised. Under that section, the jury, after retiring, has no right, without consent of court, to re-examine a witness at all. Lutrell vs Railroad Co., 18 B. Mon. (Ky.) 291. Nor does it seem to have been intended there should be an examination as to any new matter; the inquiry being restricted to what had been actually testified to by the witness, and without cross-examination. But inspection and examination by a jury, after retiring, of a diagram, map, model,

and the like, exhibited on the trial, is not prohibited. And we see no reason why, in case of disagreement, or misunderstanding by the jury as to what was indicated or shown by them on the trial, they may not with permission of court, be made, as well as a living witness, to give the correct information, for no fact testified to is thereby falsified or preverted, nor any new matter brought to the attention of the jury." In Bulon vs Granger, 63 Mich. 311, 29 N. W. 718, the jury desired to see the writing signed by defendant, and they sent to the court for it. The court, over objection of counsel for defendant, allowed the request. The Supreme Court held, on appeal: "Under these decisions, it is not perceived that the court committed any error in permitting the so-called 'due bill' to be given to the jury. The document was fully proved by the testimony of the plaintiff and Mrs. Granger. There was no question concerning its authenticity, and the contents could as well have been obtained by the jury by their reading it in their room, it having been introduced in evidence, as by the jury returning into the courtroom and having it read to them." In Brown vs Wiggin, 59 N. H. 327, it was held that: "Sending to the jury, after they have retired, a diagram used in the examination of witnesses, is within the discretion of the trial court." In Humphreys vs McCraw, 5 Ark. 61, it was held: "As to the propriety of allowing the jury to carry the receipt from the bar, it was purely a question of practice within the sound discretion of the court below. *     *     *     There is no evidence that the rights of the defendant below were prejudiced by this practice, and we cannot on that account disturb the verdict." In Burghardt vs Van Deusen, 86 Mass. 374, the court says: "The decision of the presiding judge at a trial upon the question whether papers which have been read in evidence shall go to the jury is not a subject of exception." In Cavanaugh vs Buehler, 120 Pa. 441, 14 Atl. 391, the court held that: "What papers

shall be furnished to and sent out with the jury is a matter largely in the discretion of the court, and it is only an abuse of that discretion that will be disturbed." In Snyder vs Braden, 58 Ind. 143, the court says: "In an action upon a promissory note, the court, in its discretion, may permit such note to be attached to the complaint as an exhibit, and allow the same to be sent to the jury after they have retired to consult as to their verdict." The authorities above quoted are supported by the very large weight of authority, and are founded on the better reasoning than those furnished by counsel for plaintiff in error.

Conceding that the court committed error in permitting the document to go to the jury after its retirement to consider of its verdict, it must further appear that it was such error as to prejudice the rights of the plaintiff. It is a familiar rule that a court of review will not concern itself about errors without prejudice. It must be presumed that the jury was composed of men of ordinary intelligence and honesty, and that it would not intrude on the province of the court to pass on the legal effect of the said document; and the most that could be presumed would be that it was obtained for the purpose of refreshing the recollection of the several jurors as to its contents.

It will be observed that we have confined the consideration of this case to the single error assigned. We have treated it as an affirmative attack upon the judgment complained of, and the joinder in error as equivalent to a general demurrer to the allegations of the assignment, thereby admitting them.

Therefrom we find that they are not sufficient to show prejudicial error to justify the reversal of the judgment below, and therefore it is affirmed.

GILL, C. J., and CLAYTON and TOWNSEND, JJ., concur.