## PEOPLE *v.* TIBBETTS.

CRIMINAL LAW—TRIAL—JURY—EXHIBITS—TAKING EXHIBITS TO JURY ROOM.

> On the trial of a criminal prosecution for keeping a house of ill-fame, it was not so erroneous as to constitute reversible error to permit the jury to take to the jury room an exhibit offered in evidence and examined by the jurors and consisting of a list of telephone numbers and names of subscribers whom the inmates of the house were accustomed to call up and invite in: although the practice is not commendable, the court will not reverse the conviction unless the respondent was prejudiced.

Exceptions before sentence from the superior court of Grand Rapids; Stuart, J. Submitted January 21, 1913. (Docket No. 146.) Decided February 18, 1913.

Effie Tibbetts was convicted of keeping a house of ill-fame. Affirmed.

*Louis T. Herman,* Assistant Prosecuting Attorney, for the people.

*Dunham & Dunham,* for respondent.

BROOKE, J. The respondent was convicted of being the keeper of a house of ill-fame resorted to for the purposes of prostitution and lewdness.

Upon the trial there was introduced in evidence upon behalf of the people the following exhibit:

MEMORANDUM OF SUBSCRIBERS

Frequently Called for or Not Listed.

| Call. | Name. | Call. | Name. |
|---|---|---|---|
| Fire Department. | In Case of Fire. | | Doctor. |
| Police Department. | To secure Police or ambulance. | | Drugs. |
| Long Distance. | To place a toll call. | | Grocer. |

| Information. | To secure Nos. listed herein. | Plumber. |
|---|---|---|
| Chief Operator. | To report trouble or make criticisms. | |
| Ethel. | M 1750 | |
| John Slager. | Citz. | Comptrollers. |
| Aggie. | M 1863. | |
| Cora. | M 504 | |
| Ellen and Jessie. | M 4509 R. | |
| | M 3148 | |
| West Duncan. | M 4115 | After Tuesday. |
| Mrs. Roberts. | M 3148 | Afternoons until 10 p. m. |
| Blanche. | M 4740 | |
| Bertha Myers. | M 4266 J. | |

Note: M. Main. S. South. B. Berlin. D. Dutton. G. Grand.

We presume, though the record does not so show, that the exhibit was taken from the respondent's house. Evidence was given by at least one inmate of the house that, under the direction of respondent, she used said exhibit, that she called "Ethel" and "Mrs. Roberts" "because there was some man up there." After the jury had retired the foreman called for the exhibit. At this time neither respondent nor her counsel were present. The court directed the exhibit to be delivered to the jury. This was done, and shortly thereafter a verdict of guilty was returned.

But one error is assigned, viz. :

"The court erred in permitting the jury to have during its deliberation people's Exhibit A."

Respondent relies upon the case of *People* v. *Dowdigan*, 67 Mich. 92 (34 N. W. 411), where this court said:

"We do not think the court was justified in sending the papers to the jury room. It is a dangerous practice even in civil cases, and one not often to be indulged in, and in criminal cases never."

In the case there under consideration the papers sent to the jury consisted of the original complaint of the complaining witness, Mary Penasa, her evidence reduced to writing taken on her examination before the magistrate, together with the written evidence of another witness

taken at the preliminary examination. These papers were sent to the jury room over the objection of counsel for respondent. The case now before us presents no such question as was involved in the *Dowdigan Case.* Here the exhibit in question was simply a card containing certain names and telephone numbers. Respondent, as well as the people, had offered testimony touching the use to which the exhibit had been put by respondent, and the exhibit itself had been passed around and examined by the jury during the trial. In *Tubbs* v. *Insurance Co.,* 84 Mich. 646 (48 N. W. 296), after reviewing the cases upon this question, it is said:

"The true rule seems to be that, where exhibits have been fully proven and admitted in evidence, and their authenticity is unquestioned, and there is no testimony to impeach their contents, it is within the discretion of the trial court to allow them to be taken to the jury room, although objection is made."

See, also, *Farrell* v. *Haze,* 157 Mich. 374 (122 N. W. 197). It will be noted that this language was used in a civil suit. While the practice pursued in the case at bar is not to be commended, we are of opinion that it does not constitute reversible error, for the reason that the respondent could not have been prejudiced through the submission of the exhibit in question to the jury.

The conviction is affirmed.

STEERE, C. J., and MOORE, McALVAY, STONE, OSTRANDER, and BIRD, JJ., concurred. KUHN, J., did not sit.