PEOPLE *v.* DE FRENN.

1. INTOXICATING LIQUORS—AFFIDAVIT FOR SEARCH WARRANT—SUF-FICIENCY.
   Allegations in affidavit for warrant to search private dwelling for intoxicating liquors that affiant has observed large number of persons going to said premises and coming away without apparent legitimate business there, and that he has observed persons coming from said premises in intoxicated condition, were insufficient to authorize issuance of warrant.

2. CRIMINAL LAW—EVIDENCE SECURED UNDER INVALID SEARCH WARRANT INADMISSIBLE.
   Evidence of violation of liquor law secured by means of invalid search warrant is inadmissible in prosecution of defendant for committing said offense.

3. SAME—EXHIBITS IN JURY ROOM—DISCRETION OF COURT.
   In prosecution for unlawful possession of intoxicating liquors, it was within discretion of trial court to permit exhibits introduced in evidence to be taken to jury room in absence of and without consent of either defendant or his attorney.

Error to Shiawassee; Collins (Joseph H.), J. Submitted June 13, 1929. (Docket No. 129, Calendar No. 34,111.) Decided September 4, 1929.

Arthur De Frenn was convicted of violating the liquor law. Reversed, and new trial granted.

*George R. Pardee,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Gustav F. Friegel,* Prosecuting Attorney, for the people.

POTTER, J. Defendant was arrested, charged with the unlawful possession of moonshine whisky. On his examination he moved that the complaint and

warrant be quashed and he be discharged, because there was no sufficient evidence to justify reasonable cause to believe he was guilty of the offense charged against him without the use of the evidence seized on the search of the defendant's dwelling house. · By timely motions and objections this question was raised on the trial. Defendant was convicted and sentenced and brings error. Prior to any action on the part of the deputy sheriff on the day in question, a telephone call had been received and the deputy sheriff drove by the premises of defendant several times. The affidavit for the search warrant, after describing the premises, states they are occupied by defendant as a private residence and used as a place of public resort; that he believes and has good reason to believe that intoxicating liquor is concealed upon the premises; that the grounds of his belief are: "He has observed a large number of persons going to said premises and coming away without any apparent legitimate business there. He has observed persons coming from said premises in an intoxicated condition,"—all within the past 24 hours. Upon the execution of the search warrant shortly after its issuance, defendant was arrested. He alleges the trial court erred in overruling his motion to quash the complaint and warrant, overruling his objection to the introduction of evidence procured by service of the search warrant, and overruling his objections to the validity of the search warrant itself.

The affidavit was insufficient. There was error in overruling the defendant's objection to the introduction of the evidence procured by the service of the search warrant. Certain exhibits were introduced in evidence, being the bottles, containers, and whisky claimed to have been seized, and at the request of the jury, after the case was submitted to them, these

exhibits were permitted by the trial court to go to the jury room in the absence of and without the consent of either the defendant or his attorney. The taking of these exhibits to the jury room rested in the discretion of the trial court. *People* v. *Onesto,* 203 Mich. 490; *People* v. *LaLonde,* 197 Mich. 76; *Silverstone* v. *Assurance Corporation,* 187 Mich. 333; *People* v. *Tibbets,* 173 Mich. 628; *Farrell* v. *Haze,* 157 Mich. 374; *Walker* v. *Newton,* 130 Mich. 576; *Bulen* v. *Granger,* 63 Mich. 311. Conviction reversed. New trial ordered.

North, C. J., and Fead, Wiest, Clark, McDonald, and Sharpe, JJ., concurred. The late Justice Fellows took no part in this decision.