THREADGOOL *v.* LITOGOT.

## Andrew Threadgool v. Sophara Litogot.

*Seduction: Evidence of intimacy.* In an action for seduction, facts showing the character and degree of the intimacy of the parties, alleged to be guilty, are admissible.

*Discrediting witnesses: Bias.* A witness, shown to have been in litigation with the opposite party, may be interrogated on cross-examination as to the subject of the litigation.—*Geary v. The People, supra,* p. *220.*

When a witness has been asked, for the purpose of affecting his credit, whether he had not made a certain statement, and he admitted it, it is not error to refuse to allow the same fact to be proved by another witness.

Questions put to a witness upon cross-examination for the purpose of affecting his credit, by showing his previous life and conduct, are within the discretion of the court; and even if the proper limits of such discretion should be exceeded, this will be no ground for reversing a judgment, when such evidence could have had no possible effect prejudicial to the party complaining.

*Measure of damages in seduction: Defendant's property.* It is not error to refuse to charge the jury in an action for seduction, that if the plaintiff is entitled to damages, the jury should consider the amount of the defendant's property, and its value in estimating such damages,—there having been no evidence in the case as to the value of this property, except the testimony of the defendant.

How far it is proper in such cases to introduce evidence to show the real or apparent social standing of the defendant:—*Quære?*

*Heard January 11. Decided January 12.*

Error to Wayne Circuit.

This was an action on the case brought by Sophara Litogot in the Circuit Court for the County of Wayne, against Andrew Threadgool for the seduction of the plaintiff's wife. The defendant pleaded the general issue. The cause was tried by a jury who found a verdict for the plaintiff of five hundred dollars; and the judgment entered thereon, the defendant below brings into this court by writ of error. The questions for review arise upon the rulings of the Circuit Judge on trial.

*S. Larned* and *F. A. Baker,* for plaintiff in error.

*Ward & Palmer,* for defendant in error.

CAMPBELL, CH. J.

The action below was for the seduction of Mrs. Litogot by plaintiff in error.

Among other things there was evidence to show that on one occasion Threadgool brought home at night to Litogot's house (where he was staying) a pair of new shoes, and in the morning something was said about the shoes, and Mrs. Litogot went up stairs, to the room where he was. A person named Inez started to go up, and Mrs. Litogot told her to stay down stairs and she would throw the shoes down. This was said loud enough for Threadgool to hear. It is urged that this testimony of Mrs. Litogot speaking to Inez was inadmissible. We do not perceive any ground for excluding it. It related directly to facts bearing on the relations of the persons whose conduct was in question, and which were parts of the *res gestæ* of the case.

Objection was also made to the statement of a witness who swore to meeting them coming through the woods in 1862. While this related to matters remote in time, yet in these cases the relations of the persons implicated and the duration, as well as nature of their intimacy, must always be of some value in applying the probabilities and interpreting their conduct. Long intimacy may have as much bearing one way as the other. It may explain familiarity which otherwise might be of doubtful meaning, and it is very certain that in most cases it will have some significance, favorable or otherwise. It is not irrelevant or unimportant.

A witness for the defendant having testified that he had been in litigation with plaintiff, was asked on cross-examination what the suits were about, and allowed to answer under objection. This was within the usual range of cross-examination, and was also within the principle of *Geary*

*v. People,* where the subject of examining concerning the bias of witnesses was referred to. As the question was here put to the witness himself, there was every reason for allowing it, which would justify in any case the sifting of a hostile witness, which he had plainly shown himself to be.

A witness named Locke, when questioned as to a statement which he had made, admitted that he made it. It was not error, therefore, to refuse to allow another witness to prove that this was so. A witness who denies making a material statement may be impeached by contradicting his denial; but where he admits it, there is nothing to contradict, and his admission supplies all the proof that is needed to show whether he has been guilty of inconsistent statements. His former statements are not of any consequence in the case for any other purpose, and would be objectionable as hearsay.

Orange Brown, the father of Mrs. Litogot, was asked what he knew with regard to her husband's allowing her to come to witness's house, and stated he knew nothing except what his daughter told him. He was rightly held incompetent to relate her statements. They referred to past transactions entirely, and were within the commonest rules excluding hearsay evidence. The questions put to the same witness on cross-examination concerning a visit he made to Vermont, and where he found his wife on his return, were immaterial, and the answers in no way affected the case. The court permitted them to be answered within the discretion allowed to be exercised in questioning witnesses concerning their previous lives and conduct, and even if they had exceeded the proper limits they could furnish no ground for reversing a judgment on which they could have had no possible effect prejudicial to defendant below.

22 MICH.—35.

THREADGOOL *v.* LITOGOT.

The court refused to charge the jury,—that if they found the plaintiff entitled to damages they should consider the amount of defendant's property and its value, in estimating damages. The defendant at the close of his case had testified that he was worth from fifteen hundred to eighteen hundred dollars. This was objected to, and there was no other proof on the subject.

There is some plausibility in the objection to this ruling of the court, arising more out of the fact that in most of these cases the proof of circumstances generally puts the jury more or less in possession of the means of ascertaining all the surroundings of the parties, and this general view will inevitably have some effect on the damages. But when the question arises whether evidence can be directly aimed at arriving at an accurate estimate of the property of either party, it is manifest that a side issue is raised, concerning which it would generally be impossible to arrive at just conclusions, inasmuch as every man has means of measuring his wealth which are not open to others, and the damages which are sustained in such cases do not arise in any degree from the wealth of either party, but if dependent at all on the condition of the wrong-doer, rest more on the appearance than on the reality of his surroundings. We are not prepared to hold, therefore, that the court erred in this direction.

How far it is proper to introduce evidence for the purpose of showing the social and pecuniary standing of a defendant, as it appears or as it is reputed, is a question of somewhat diffierent character which is not raised by this record, and on which, therefore, we are not called to decide.

The other Justices concurred.