# Augustus E. Bissell and another v. Maria A. Starr.

*Evidence: Witnesses: Past life and character: Discretion.* The extent to which an inquiry into the past life and character of a witness should be permitted, is a question in reference to which a large discretion should be left to the trial court.

*Trover: Evidence: Irrelevant matters.* In an action of trover for goods claimed to have been deposited with defendants as warehousemen, and to which they made no claim of title, or of right to hold for any third party, an inquiry as to whether the plaintiff purchased the goods with her own money is irrelevant to the issue.

*Evidence: Immaterial questions: Trover: Measure of damages.* In such an action it is immaterial whether the plaintiff would have consented to sell the goods at a certain price at auction; she was not bound to dispose of them at auction, and the answer to such an inquiry would not establish the proper measure of damages.

*Evidence: Probabilities: Mistake: Speculation: Guess-work.* An inquiry of one of the defendants as to the probability of their having delivered the goods by mistake to some one else, is one calling for mere speculation or guess-work; and its exclusion is held not error.

32 MICH.—38.

BISSELL v. STARR.

*Trover : Evidence : Conversion.* Evidence that plaintiff delivered the goods in question with other goods to defendants; that she afterwards called and receipted on defendants' books for all the property delivered to them; that they then told her they had all her property; that she sent a drayman after her goods, but did not receive the box of goods in question; that she afterwards called on them, and they told her they had delivered all her goods; that on her insisting she had not received this box, they denied ever having received it, and also claimed that if they had ever received it they had delivered it to a drayman by the name of Wallace; together with undisputed evidence that Wallace had no authority from plaintiff to receive it,—is competent evidence of a conversion of the goods by the defendants.

*Evidence: Conversion.* Evidence that defendants had the goods about the time plaintiff demanded them, and that they did not deliver them to her when she demanded them, but denied ever having received them, is sufficient to support a verdict of conversion.

*Evidence: Trover: Demand: Conversion.* Where the plaintiff as a witness has, without objection, answered "Yes, sir," to the question, "Did you then demand the box?" an objection on error that this was not sufficient evidence of a demand to enable the plaintiff to maintain trover, but that the conversation between the parties should have been given, so that the court could have passed upon the sufficiency of the facts to satisfy the law in that regard, is held not well taken.

*Heard June 16.   Decided June 18.*

Error to Superior Court of Detroit.

This was an action of trover brought by defendant in error against plaintiffs in error, for the contents of a certain box, claimed by her to have been delivered with other goods to the defendants below as warehousemen, and which, when the other goods were restored to her, was missing. The cause was tried by jury, and verdict rendered for the plaintiff. The defendants thereupon brought error.

*Kane & Hibbard* and *D. B. & H. M. Duffield*, for plaintiffs in error.

*Charles C. Hickey*, for defendant in error.

MARSTON, J:

A careful examination of the record fails to disclose any error in this case. The different assignments of error may all be considered under three heads:

*First*, Upon cross-examination of the defendant in error,

certain questions were asked for the purpose of eliciting answers derogatory to her character; these questions were objected to, and the objection was sustained. It is undoubtedly true that an examination into the past life and character of a witness would materially aid and assist the jury in giving proper weight to his or her testimony. The right to ask such questions, however, in all cases, without any reference to the issue, or to the character and reputation of the witness upon the stand, might be abused, and we think a large discretion must be left to the court below, to admit or reject such testimony.—See *Beebe v. Knapp, 28 Mich.,* *72.*

*Second,* The plaintiff in the court below was also asked upon cross-examination, whether she purchased the property in dispute with her own money; whether as a matter of fact, she would have sold a portion of the property at auction sale for a certain . price ; . and as to the probability of the property in dispute having been delivered by the defendants by mistake.

It was a matter of no possible concern to the defendants whether the plaintiff bought this property with her own money or not. The defendants received the property, if at all, as warehousemen. They did not claim any title to the same, nor did they claim to hold it for any third party; having received it from the plaintiff, it was their duty to return it to her; and in an action brought to recover its value they could not under such circumstances question her right to recover. Neither was it material to inquire whether she would or not have sold this property at a certain price at auction. The plaintiff was not bound to dispose of her property in such manner, and the answer to such a question would not establish the proper measure of damages. As to the probability of the property having been delivered by the defendants by mistake, the answer to such a question would be a matter of pure speculation or guess-work. It would be a mere matter of opinion, if admissible under any circumstances, dependent upon the care exercised by the

defendants in the conduct of their business, and other considerations, none of which, it appears, were known to the witness.

*Third,* The other assignments of error relate to the demand made, and as to whether there was sufficient evidence of a conversion.

There was evidence tending to show that defendants received this and other property from the plaintiff; that she afterwards called and receipted on defendants' books for all the property delivered by her to them, and that they then told her they had all her property. She then sent a drayman after her goods, but he did not receive the box in question. She afterwards called at defendants' warehouse, when they told her they had delivered all her goods. Upon plaintiff's insisting that she had not received them, they then denied having ever received this box; they also claimed that if they ever had received the same they had delivered it to a drayman by the name of Wallace. The plaintiff testified that she had not given Wallace any authority to receive the box, and there was no evidence tending to show that she ever had authorized him to receive it. The plaintiff, while testifying as to one of the interviews she had with defendants, was asked, "Did you then demand the box?" She answered, "Yes, and I was told in answer thereto, by one of the defendants, that they had delivered all the goods that were there." There were other facts bearing upon the questions raised, but the above is sufficient. Here, then, was evidence proper to go to the jury, tending to show a receipt of these goods by the defendants and a delivery of them to a third party having no authority from the plaintiff to receive them. This would be competent evidence upon the question of a conversion, if the jury believed it.

There was also evidence tending to show that they had the goods about the time she made the demand, and that they did not deliver them to her, but denied ever having received them. This also would be sufficient evidence of a conversion. It is insisted, however, that there was no evi-

dence of a demand having been made; that the answer, "Yes, sir," to the question "Did you then demand the box?" was not sufficient evidence of a demand to enable the plaintiff to maintain trover, but that the conversation between the parties at the time the demand was made should have been given, so that the court might pass upon the question whether such facts were sufficient to satisfy the law in that regard. It is sufficient to say that the answer of the witness to the question asked, the same not having been objected to as leading or incompetent, was proper to go to the jury, and while the plaintiff might have shown all that was said and done by the parties at the time the demand was made, yet she was not, after receiving an answer to the question, bound to do so, and if the defendants did not, on cross-examination, deem it proper to pursue the inquiry, they have now no just cause of complaint.

There was therefore sufficient evidence to justify the jury in finding a conversion of the property, and the court having properly submitted the question to the jury, their finding is final.

The judgment must be affirmed, with costs.

The other Justices concurred.