JAMES CANNING v. THEODORE HARLAN.

*Opening to jury—Waiver—Exhibits in the jury-room.*

In trover against the assignee of a chattel mortgage for property seized thereunder, plaintiff's counsel claimed, in his opening to the jury, that plaintiff owned the property and had never sold it; that defendant had never paid anything for the mortgage, and that before defendant took the mortgage it had been much more than paid in full. *Held*, that the opening was sufficient to notify the defence

that plaintiff meant to go into a full investigation of the dealings which he had had with the mortgagee before giving the mortgage, and that under such an opening, although he had not used the word "usury," he could show that the mortgage did not represent any actual indebtedness.

The fact that a mortgager of chattels was present at the mortgage sale thereof without objecting, does not estop him, as against the mortgagee, or the mortgagee's assignee, from contesting the sale, though it might as against a purchaser who relied upon his silence. Nor can it be construed as an assent to the sale and a voluntary payment of the purchase money.

It is discretionary with a trial judge whether he will grant or refuse the request of a party that the jury be allowed to take a written exhibit to the jury-room.

Error to Van Buren. (Hawes, J.) April 10.—April 18.

TROVER. Defendant brings error. Affirmed.

*E. A. Crane* for appellant. If counsel in opening a case, makes a full and fair statement of the facts relied on and they do not of themselves make a case, the trial judge should charge the party out of court: *Spicer v. Bonker* 46 Mich. 630; *Tyler v. Arnold* 47 Mich. 564; Best on Evid. 113; and evidence should not be admitted of facts not stated: *Scripps v. Reilly* 35 Mich. 388; 1 Burr. Pr. 233; as to the insufficiency of the statement in this case, see *Beach v. Fulton Bank* 3 Wend. 575; *Smith v. Brush* 8 Johns. 83; *Lawrence v. Knies* 10 Johns. 140; *Hadden v. Innes* 24 Ill. 381; *Bates v. Bulkley* 7 Ill. 393; *Hancock v. Hodgson* 3 Scam. 329; *Mosier v. Norton* 83 Ill. 521; *Frank v. Morris* 57 Ill. 138; *Durham v. Tucker* 40 Ill. 519; a mortgager of chattels who is present at the foreclosure sale and does not object is estopped from contesting it: *Perkins v. Conant* 29 Ill. 184; *Carter v. Moses* 39 Ill. 539; *Dann v. Cudney* 13 Mich. 239; Edwards on Bailments § 29; *Hefner v. Vandolah* 57 Ill. 520; *Flower v. Elwood* 66 Ill. 438; *People v. Brown* 67 Ill. 435; *Stewart v. Metcalf* 68 Ill. 109; *Richardson v. Lester* 83 Ill. 55.

*William H. Tucker* for appellee.

·COOLEY, J. This suit is in trover for the conversion of certain personal property which defendant had seized and sold under a chattel mortgage given by the plaintiff to one Mattison and by Mattison assigned to defendant. The suit was begun in justice's court and was removed to the circuit court by appeal.

On the trial the plaintiff's counsel opened the case to the jury as follows:

" This is a case brought by Canning to recover the value of certain property taken by the defendant. Our claim is that Canning, the plaintiff, was owner of this property ; that he had never sold it, and that one Botsford, acting and being a constable of the county in June, 1879, came to plaintiff's house to take this property; that subsequent to that it was sold by Botsford, under the direction of Theodore Harlan the defendant. The defense interposed in the court below was that Botsford took the property by virtue of a chattel mortgage and note executed by Canning to one Milo D. Mattison ; that he took the property as the owner of that note and mortgage, he claiming to .have bought it and paid value therefor. I will show that Harlan never was the legal owner of the mortgage, and that he never bought it in the world ; that in taking it he never incurred the liability of losing a dollar; and that before he came into possession of this mortgage it had been paid in full—it being one of many. The amounts received by Canning, with interest, from Mattison's office was $425.60 ; the amounts paid before Harlan claims to have had the mortgage in his possession was $509.59."

The defendant thereupon objected to any evidence being received in the case, claiming that the facts as stated in the opening made out no cause of action. The circuit judge overruled the objection, and the plaintiff was allowed to show the dealings between himself and Mattison previous to the giving of the mortgage, from which he claimed to have made it apparent that he owed nothing to Mattison when the mortgage was given, but that the whole amount thereof was usury on the previous dealings. It is now claimed that this evidence was inadmissible, because the opening did not apprise the defendant that the previous dealings would be gone into for any such purpose. How closely a party can

be confined in his evidence to the facts stated in the opening of his counsel we shall not undertake to say on this record, as we are all of opinion the case was sufficiently outlined in the opening which was made. The defendant must have understood that plaintiff intended to go into a full investigation of a dealing between himself and Mattison, for he avowed his purpose to show that the debt to Mattison had been actually overpaid. It is true he did not make use of the word usury; but that is of no importance. He claimed and proposed to prove that the mortgage represented no actual indebtedness; and that was all he was allowed to prove.

Defendant gave evidence tending to prove that plaintiff was present at the chattel-mortgage sale, and made no objection. Upon this evidence he insisted that plaintiff was estopped from contesting the sale. A purchaser who had bought in reliance upon plaintiff's silence might have pressed this argument with some force; but it can avail the defendant nothing. He as well as the plaintiff was standing upon his strict legal rights; and he sold the plaintiff's property at his peril. It is also insisted by defendant that plaintiff, by suffering the sale to be made, in effect assented to it; and the assent was equivalent to a voluntary payment of the alleged usury. But this is the same argument as the last, in a new form. Complaint is also made that the circuit judge refused the request of defendant that the jury be permitted to take to their room a certain receipt. As to this we have only to say that there is no law requiring it. It was discretionary with the court to grant the request or refuse it.

No error appears in the record, and the judgment must be affirmed with costs.

The other Justices concurred.