ALBERT R. McBRIDE v. JOHN WALLACE.

*Adverse witness—Where shown to be by his testimony, leading questions permissible — Cross-examination — Refusal to put leading question on— Error cured by subsequent cross-examination of witness on whole transaction without further objection—Antecedents of defendant—May be fully inquired into on cross-examination—Extent of inquiry within legal discretion of the trial judge.*

1. Where it appears from the testimony of a witness that he is *adverse* to the party calling him, the court is justified in permitting *leading* questions to be put to him, and also questions which would be improper save to an adverse witness.

2. Where the court inadvertently declined to permit defendant's counsel to put a *leading* question on cross-examination, but immediately afterwards the counsel fully cross-examined the witness upon the *whole* transaction without further objection.—
    *Held*, that the error was cured.

3. It is not error to permit counsel to inquire into the antecedents of a defendant when on the witness stand in his own behalf, and the *length* to which such inquiries may go is in the *legal* discretion of the trial judge.

Error to Shiawassee.    (Joslin, J.)    Argued July 8, 1886. Decided July 15, 1886.

Assumpsit.   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*James M. Goodell,* for appellant:

A *verbal* promise to the creditor to pay the debt of another is within the statute of frauds and void : *Pratt v. Bates,* 40 Mich. 37 ; *Bates v. Johnrowe,* 57 Id. 521.

In order to charge defendant there must have been an agreement between all of the parties interested that he should pay plaintiff: *Calkins v. Chandler,* 36 Mich. 320 ; or a promise by Wallace, on a sufficient consideration, to the Suttons to pay McBride : *Green v. Brookins,* 23 Mich. 48 ; *Pratt v. Bates,* 40 Id. 37 ; or a promise to McBride in writing, upon a valid consideration, to pay the debt to him : *Bates v. Johnrowe,* 57 Mich. 521.

The stating of an account alters the nature of the debt, and amounts to a new promise : 2 Greenleaf on Ev. § 127 ; and it is not necessary to prove the items of the account, but simply the assent, express or implied, of the debtor to the balance stated : *Marye v. Strouse,* 5 Fed. Rep. 489 ; *Toland v. Sprague,* 12 Pet. 333 ; and the demand is essentially the same as if a promissory note had been given for the balance : *Bass v. Bass,* 8 Pick. 187 ; *Volkening v. DeGraaf,* 81 N. Y. 270.

There must be an acknowledgment of the debt or a promise to pay : *Gooding v. Hingston,* 20 Mich. 439.

An admission that the defendant is indebted in some amount, without stating the sum particularly, is not sufficient : *Stevens v. Tuller,* 4 Mich. 387 ; and defendant may show that the promise to pay, or acknowledgment of the account, was induced by fraud or mistake : *Marye v. Strouse,* 5 Fed. Rep. 489.

*A. R. McBride* (*Charles D. Long,* of counsel), for plaintiff :

That plaintiff was part owner of, and had a valuable interest in, the judgment, was decided in *Wells v. Elsam,* 40 Mich. 218, 221.

He is to be regarded as the *equitable* assignee of so much of the judgment as was necessary to pay him.   The costs are as much a part of the recovery as the verdict itself, and become a part of the judgment, and the attorney's lien is upon the whole judgment.   A party cannot run away with the fruits of a cause without satisfying the legal demands of his attorney, by whose industry, and in many instances at

whose expense, those fruits are obtained : *Rooney v. Railroad Co.*, 18 N. Y. 368, 372–3.

CHAMPLIN, J. John and George Sutton recovered judgment in the circuit court for the county of Shiawassee, against Henry Van Auken, in an action for malicious prosecution of an attachment suit against them. Plaintiff herein was attorney for the Suttons, and they were indebted to him for legal services in the attachment suit, and in the suit for malicious prosecution.

The defendant, John Wallace, purchased the judgment of the Suttons, as is claimed by the plaintiff, and agreed with the Suttons to pay him what was owing to him by the Suttons, and that Wallace so informed plaintiff, and promised to pay him. On the other hand, defendant claimed that he was acting for Van Auken in settling up the judgment, and that he did not agree with the Suttons to pay plaintiff, but merely promised them to see McBride, and ascertain what his bill was, and lend them the money to pay it.

It appears from the testimony that Wallace obtained from the Suttons, without the knowledge or consent of plaintiff, a discharge of the judgment against Van Auken, and at the time he obtained such discharge he knew McBride had not been paid for his services in the suit. Van Auken furnished no means to pay the Suttons for the judgment, but Wallace procured several claims against them, some at less than their face, which, with a chattel mortgage he had himself against them, and about $175 in money, he turned over to them in satisfaction of the judgment, and then took Van Auken's note for $600.

The court submitted the case to the jury upon the theories and evidence of both parties, and they found a verdict in favor of the plaintiff. Exceptions were taken to the charge, and to refusal to charge as requested by defendant, but we are of the opinion that the exceptions are not well taken.

The plaintiff called John Sutton as a witness, and was evidently surprised at his testimony, and was permitted by

the court to ask leading questions, and also questions which would be improper save to an adverse witness. The witness showed, by his testimony, that he was adverse, and we think the court was justified in permitting the questions to be put to him which were objected to by defendant's counsel. The answers given were not prejudicial to the defendant.

The court inadvertently, we think, declined to permit defendant's counsel to put a leading question to this witness on cross-examination ; but it appears that immediately afterwards the defendant's counsel went fully, upon the cross-examination, into the whole transaction without further objection; and therefore we think the error was cured.

It was not error to permit counsel to inquire into the antecedents of the defendant when on the witness stand in his own behalf. The length to which such inquiries may go is in the discretion of the trial judge, and in this case we see no abuse of such discretion.

The judgment must be affirmed.

The other Justices concurred.