## THE PEOPLE v. CLAUD HARRISON.

*Criminal law—Evidence—Character of witness—Remarks of counsel—Instructions to jury.*

1. The court is held not to have erred in refusing further cross-examination of a female witness as to her character for chastity, which had been shown to be bad, and the proposed testimony being merely cumulative.

2. While the language of the prosecuting attorney in his argument to the jury might have been more temperate (see opinion), still

it cannot be said to have been sufficiently objectionable to be error.

3. An instruction that a good character is of importance to a person charged with crime, and that the jury have the right to consider whether a person with a good character would be less liable to be guilty of crime than one of bad habits and character, is sustained.

4. When a witness for the people in a larceny case is under arrest for the same offense, which she denies committing, but admits that the was present and received part of the stolen property, an instruction that it is for the interest of the witness to show that the respondent, and not she, is the guilty party, and that, if the jury find that both committed the larceny, the respondent would not be relieved, but that each and both would be guilty, is not open to the objection that the court submitted the case to the jury upon a theory not warranted by the evidence.

Exceptions before judgment from Bay.    (Cobb, J.) Argued November 17, 1892.    Decided December 2, 1892.

Respondent was convicted of larceny.  Conviction affirmed. The facts are stated in the opinion.

*James Van Kleeck,* for respondent.

*A. A. Ellis,* Attorney General, and *C. E. Pierce,* Prosecuting Attorney, for the people.

DURAND, J.  The respondent was convicted upon an information charging him with the larceny of $31, the property of one Louis Johnson, during the summer of 1891.

The respondent complains that the circuit judge erred in deciding that there was sufficient evidence to warrant the jury in returning a verdict of guilty.  The record does not disclose that he did so, except to hold that there was some evidence to go to the jury in relation to the guilt of the respondent, and this evidence was submitted to them in a fair and impartial manner by the circuit judge, with an instruction that the evidence must convince them beyond a reasonable doubt of the guilt of the respond-

ent, or they must acquit him. As there was evidence of that character, it was clearly a question for the jury, and the circuit judge was right in submitting it to them.

The respondent also claims error on the part of the circuit judge in refusing to allow the respondent's counsel, on cross-examination, to show that Josie LaComb, who was a witness on behalf of the people, was a person of bad moral character. The record discloses that she admitted that, though not married to him, she had been living and cohabiting with the respondent for some time, claiming to be his wife, and that she was sustaining that relation to him at the time she testified that he committed the offense for which he was convicted. This would indicate that the jury must have had something upon which to rest an opinion in relation to her moral character, without the aid of any other testimony touching upon the question of her chastity, but, in addition to this, the court permitted her to be asked by respondent's counsel, on cross-examination, if she had ever been married; if she had ever had a child; if she did not have a child at her mother's house; and if some years ago, or some time ago, she had not been in a family way at her mother's house. To each and all of these questions she answered, "No." The respondent's counsel then asked her the question, "Have you been in the habit of going around with men?" and, upon insisting that he wished to show that she was a woman of bad moral character, the circuit judge responded, "I think that has gone far enough now," and refused to permit any further questions in that line. While it was the duty of the circuit judge, upon the cross-examination of the witness, to permit such reasonable interrogation upon the subject as would fairly disclose to the jury her true character, and thus enable them to judge of the weight which should be given to her testimony, yet we think that in this case he did not abuse his discretion in

that particular. The jury were already informed that the character of the witness for chastity was bad, and any further testimony, tending to impeach her virtue, would have been merely cumulative, and we think that the circuit judge did not err in declining to give further latitude in that direction.

Objection is also made to certain remarks of the counsel for the people in his argument to the jury, which it is claimed reflected unjustly upon the character of the respondent, and which had no relation to the case. A careful examination of the record fails to show that the objection is well taken. The language complained of was used by the counsel for the people in his argument that the jury should consider why the respondent did not go to his father for certain money which he wanted to use to go north with, and in reference to which subject testimony had been given; whether his failure to do so was because he knew his father had no confidence in him, and whether that lack of confidence was to be attributed to idle habits or a vagabond life; and he urged that the jury had a right to consider it in determining about the life and character of the respondent; and he also asserted that a son brought up by an honest and respectable father, with a view that he should lead an honest and respectable life, should be as certainly convicted, if guilty of a crime, as though he were the son of the greatest rascal in the community. While the language might have been more temperate, still it cannot be said to be sufficiently objectionable to be error.

It is also claimed that the circuit judge instructed the jury that they could take into consideration the character of the respondent as bearing upon his guilt or innocence, and also that he submitted the cause to the jury upon a theory not warranted by the evidence. The circuit judge correctly informed the jury that a good character was of importance to a person charged with crime, and that a

jury has a right to consider whether a person with a good character would be less liable to be guilty of crime than a person of bad habits and character.   This is undoubtedly the true rule, and it is so beneficent in its character that it is entitled to the constant recognition of all courts when engaged in the trial of any person charged with the commission of a crime.

Neither does it appear that the circuit judge submitted the case to the jury upon a theory not warranted by the evidence.   The record shows that the witness Josie La-Comb testified that she was present when the larceny was committed, and that, although she protested against its commission, and had nothing to do with it, yet she received a part of the money.   The circuit judge stated to the jury that, although she was a witness for the people, yet she was herself then under arrest for the same offense; that it was for her interest to show that somebody else, and not she, was the guilty party; and that, if they should find from the evidence that she and the respondent together stole the money, yet the fact that she was guilty also would not relieve him; that in that case each and both would be guilty.   Under the evidence in this case it is difficult to discover how this instruction can be held to be improper, or, if so, how, or in what manner, it could prejudice the respondent.

We are unable to find any error in the record, and the conviction is affirmed.

The other Justices concurred.