WEYMOUTH *v.* BROADWAY & SEVENTH AVE. R. Co.

(New York Superior Court — General Term, February, 1893.)

In the trial of an action to recover damages for injuries resulting from the alleged negligence of defendant's servants, the court refused to allow in evidence the entry in a police blotter as to statements made by plaintiff on the day of the accident to witness M. *Held*, proper; it was not admissible as proof of what the plaintiff said, for it was not the best evidence; it was not admissible to contradict M., as his attention had not been called to the statements therein, and it was not admissible to corroborate M., because it would be hearsay.

---

* See 127 N. Y. 370.

The court refused to charge defendant's request " that proof having been
given that the notice required by the General Railroad Act was posted
in the car in which the accident to plaintiff happened, and that plaintiff
was riding upon the front platform and was upon the step of the car
when injured," etc.   *Held*, no error; as defendant had not pleaded the
facts which would entitle it to the exemption which it claims that the
act in question allows.

APPEAL by defendant from a judgment entered on a verdict
in favor of plaintiff.   The action was brought to recover dam-
ages for injuries resulting from alleged negligence of defend-
ant's servants by which the plaintiff when alighting, or being
about to alight, from a Broadway car, fell under the wheels
and was run over.   Plaintiff was conveyed to a hospital, and
the police officer who had talked with plaintiff shortly after
the accident made report thereof at the police station, all of
which was entered on the police blotter.

*Redington & Mayer*, for plaintiff (respondent).

*Root & Clark*, for defendant (appellant).

DUGRO, J.   This is an appeal from a judgment entered
upon a verdict.

The trial judge did not err in refusing to allow in evidence
the entry in the police blotter.   It was not admissible as proof
of what the plaintiff said, for it was not the best evidence; that
of Mr. McLaughlin was certainly better.   It was not admis-
sible to contradict McLaughlin, as his attention had not been
called to the statements therein, and it was not admissible to
corroborate McLaughlin, as for this it was but hearsay.

There was no error requiring reversal in the charge or
refusals to charge.   That part of the charge which referred to
the lack of evidence of notice was not erroneous for it did
not appear that the notice was posted up or placed where it
could be seen by the plaintiff.   The only evidence upon the
point is that " it was on both sides of the inside of the car,
about the center of the car."   As the evidence showed that
the seats of the car were filled and persons were standing up,
it became material to know with more particularity than is

disclosed by the evidence, just where the alleged notice was, in order that the jury could say whether or not it was a notice to the plaintiff, or should be considered as such. It does not appear that with the seats filled the alleged notice was visible, and a guess is not permissible.

The refusal to charge defendant's request, " that proof having been given that the notice required by the General Railroad Act was posted in the car on which the accident to the plaintiff happened, and that plaintiff was riding upon the front platform and was upon the step of the car when injured," etc., was not error, as the defendant had not pleaded the facts which would entitle it to the exemption which it claims that the act in question allows. The evidence required the submission of the questions of negligence and contributory negligence to the jury.

Upon the whole case the judgment should be affirmed, with costs.

GILDERSLEEVE, J., concurs.
Judgment affirmed.