(8 Misc. Rep. 449.)

### RIPLEY v. SECOND AVE. R. CO.

(Superior Court of New York City, General Term.   May 7, 1894.)

TRIAL—REMARKS OF COURT—FAILURE TO CALL WITNESS.
   The court may properly comment on the failure of a party to call a witness as to a material fact which was peculiarly within the knowledge of the witness.

Appeal from jury term.

Action by Walter B. Ripley against the Second Avenue Railroad Company for personal injuries.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before FREEDMAN and McADAM, JJ.

Merrill & Rogers, for appellant.
Morse, Koones & Findlay, for respondent.

McADAM, J.   It appears that on September 3, 1891, the plaintiff was a passenger upon one of the defendant's open cars on a trip

to the Fulton ferry. At Beekman street he told the conductor he wanted to get off at the ferry. As the car did not stop, the plaintiff stood up, and, while in the act of hailing the conductor, the car struck the curve on the switch, and the rapid and unexpected twisting motion of the car jostled the plaintiff down upon the step running along the side of the car, and his foot was crushed by the hub of a truck with which the car collided, causing the injuries complained of. The plaintiff occupied the rear seat, which faced the end of the car; and the conductor, at the time the plaintiff arose, was in the front part of the car, attending to the indicator dial, so that the plaintiff could not attract the conductor's attention, except by arising in the manner he did. He was merely exercising a lawful right, and apparently guilty of no negligence whatever, when the jolting of the car, without any warning to him, threw him off, whereby he suffered injury, etc. The questions of negligence on the part of the defendant, and the absence of contributory negligence on the part of the plaintiff, were, by the verdict of the jury, found, upon satisfactory evidence, in favor of the plaintiff, and they assessed his damages at the moderate sum of $700.

The only material exceptions urged are: (1) The court's refusal to dismiss the complaint. (2) That the trial judge commented in his charge on the failure of the defendant to produce as witnesses the conductor and driver. The case was essentially one for a jury, so that the first exception is without merit. The second is equally without force, for the comment was proper. It was a mere reference to a circumstance true in point of fact, and made in accordance with the rule that, where a prima facie case is made out by a plaintiff, it is strengthened by the failure of the defendant to produce material evidence peculiarly within his knowledge and control. Smith v. Gunn (Sup.) 12 N. Y. Supp. 808; Gibson v. Bank, 98 N. Y. 95; People v. Briggs, 47 Hun, 266, affirmed 114 N. Y. 56, 20 N. E. 820. For these reasons the judgment and order must be affirmed, with costs.