## WASHINGTON COUNTY.

### JOSEPH H. TOURGEE *vs.* BENJAMIN ROSE.

A bill of particulars is proper in all actions where justice demands that the defendant should be apprized of the matters for which he is to be put on trial, with greater particularity than is required by the rules of pleading.

Where a plaintiff in an action for seduction has furnished a bill of particulars by order of the court, specifying time and place of the alleged seduction, he is limited in his proof to the charges thus specified; and evidence of acts of intercourse at any subsequent time, although offered for the purpose of corroborating the testimony of a witness as to acts specified in the bill of particulars, should be excluded.

In an action for the seduction of the plaintiff's daughter, the fact of the seduction of another daughter of the plaintiff three years previously by a man other than the defendant, and the attendant circumstances, are not admissible in evidence in mitigation of damages, as tending to show that the plaintiff was chargeable with careless indifference in affording opportunities for criminal intercourse between the defendant and the daughter for whose seduction the action was brought.

Where at the trial of a cause testimony was improperly admitted against the plaintiff's objection, although offered only in mitigation of damages, and the jury found for the defendant on the question of liability, the plaintiff should be granted a new trial if the testimony was such as would be likely to prejudice the jury against him.

PLAINTIFF'S petition for a new trial.

*Providence, January* 10, 1896.[1]   TILLINGHAST, J.   The first question presented for decision in this case is whether the ruling of the Common Pleas Division, by which the plaintiff was limited in his proof of seduction to the bill of particulars which he had furnished, was correct.   We think it was.   The motion of the defendant, which was granted by the court, was that the plaintiff be required to furnish a bill of particulars which should specify the date, place and time of day of the alleged seduction.   In compliance with the order, the plaintiff furnished a statement in two paragraphs, the first giving the month, year, general location and approximate time of day of the commission of the offence,

---

[1] The opinion in this case did not reach the reporter until after Index RR had been printed.

and the second stating that the daughter was gotten with
child by defendant on or about the 21st day of August, 1893,
at a specified place in South Kingstown. The plaintiff
having thus particularized as to the charge of seduction con-
tained in his declaration, the defendant had the right to pre-
sume that no other acts than such as could be shown to have
taken place within the time and at the places therein named
could properly be shown against him in evidence, and there-
fore he was not called upon to be prepared to meet or disprove
any allegations beyond those specified. But the plaintiff con-
tends that defendant's motion only called for a limited bill
of particulars, and hence that the court erred in excluding
certain corroboratory evidence offered by the plaintiff, con-
cerning which no bill of particulars had been asked. Or, to
be more specific, the plaintiff ordered evidence of distinct acts
of intercourse which occurred subsequent to the times set
out in the declaration and bill of particulars, in corroboration
of the testimony of the daughter as to her seduction in June
previous, which, being objected to by defendant's counsel on
the ground that such acts were not specified in the bill of
particulars, and that he was not therefore prepared to meet
them, the court ruled out.

We fail to see that the mere fact that the evidence offered
was corroboratory makes any difference ; for, such subse-
quent intercourse being a distinct and separate act, the de-
fendant was as much entitled to be apprized of it in the bill
of particulars as though it had been the one relied on in the
declaration. And, therefore, notwithstanding the law may
be and probably is, as contended by counsel for plaintiff, that
corroboratory evidence of the kind offered is admissible in
cases of this sort ; 21 Amer. & Eng. Encyc. of Law, p. 1029–
1030, and cases in note 1 on p. 1030 ; 44 Amer. Decis. 172-173,
note to *Weaver* v. *Bachert; Conway* v. *Nicol,* 34 Iowa, 533 ;
*Thompson* v. *Clendening,* 1 Head, (Tenn.) 287 ; *Sherwood* v.
*Titman,* 55 Pa. St. 77 ; *Threadgool* v. *Litogot,* 22 Mich. 271 ;
still the plaintiff cannot avail himself thereof where a bill of
particulars has been ordered, unless the acts proposed to be
shown are included therein. Such a bill is not only proper

28

by way of limiting the plaintiff in his proof to the specific charges alleged therein, but is essential also to enable the defendant fully to prepare for his defence and to guard him against surprise; and it is appropriate in all kinds of actions where the circumstances are such that justice demands that a defendant should be apprized of the matters for which he is to be put on trial with greater particularity than is required by the rules of pleading. *Brown* v. *Calvert*, 4 Dana, (Ky.) 219; *Harding* v. *Griffin*, 7 Blackf. 462; *Tilton* v. *Beecher*, 59 N. Y. 176; *Commonwealth* v. *Giles*, 1 Gray, 466, 469; *Hall* v. *Sewell*, 9 Gill, (Md.) 146.

The second question presented for decision is whether the Common Pleas Division erred in allowing the defendant's counsel, in cross-examination of Mary E. Holland, to ask her when she was married, and how long after her marriage before she gave birth to a child. Said Mary E. Holland was the wife of James H. Holland and an elder sister of Catherine C. Tourgee, the latter being the daughter of plaintiff for whose seduction the action was brought. The court ruled that the questions were not proper as cross-examination or to impeach the credibility of the witness, but were admissible to show negligence on the part of the plaintiff. The witness testified that she had a child three months after her marriage to said James H. Holland. The record sets out that it had appeared in evidence that the plaintiff's wife was absent from home a year before January, 1891; that the plaintiff and his two daughters were living together; that he was a farm laborer and away during the day; that certain young men lodged and visited at the house while the mother was away; and that witness's husband was one of said men. The jury returned a verdict in favor of the defendant.

The counsel for defendant contends that this evidence was properly admitted for the purpose of showing that plaintiff was negligent in the care of his minor daughter, and hence that, even if entitled to recover, the damages should be mitigated by reason of such negligence. We do not think the evidence was admissible. The fact that the plaintiff's

elder daughter three years previously to the commission of the offence charged against the defendant, had been seduced, presumably, perhaps, by the man who subsequently married her, does not show, or tend to show, that the plaintiff was chargeable with careless indifference in affording opportunities for criminal intercourse between his younger daughter and the defendant,—that is to say, of practically conniving at the offence. Indeed, it is not readily observable, from the above statement of the evidence, how it can be said that the plaintiff was chargeable with such careless indifference regarding the misfortune of his *elder* daughter. Said statement shows : 1. That the plaintiff's wife was absent from home a year before January, 1891, and that plaintiff and his two daughters were living together. No legitimate inference of such carelessness on the part of defendant can be drawn from these facts. It is to be presumed that his wife was properly away during the time mentioned, and that he was properly living with his two daughters. 2. Said statement shows that plaintiff was a farm laborer and absent during the day. This fact certainly fails to prove such carelessness. Most men are away from home during the day, and necessarily so in attending to their business. 3. Said statement also shows that certain young men lodged and visited at the house ; that the said daughter Mary married one of these men and gave birth to a child in three months afterwards. We fail to see that any careless indifference or connivance in connection with this event, on the part of the plaintiff, can properly be inferred from these facts. It is to be presumed that the men who visited and lodged at his house were decent and respectable persons until the contrary is made to appear, and that they were rightfully and properly permitted to visit and lodge there. The only thing which appears against them is that one of their number may have seduced the plaintiff's elder daughter, which was indeed a grave offence, but for which he apparently sought to make amends as far as possible by subsequently marrying her. But the mere fact that he committed said offence, if he did commit it, does not show that there was anything in his

previous conduct or character which should have put the plaintiff on his guard in permitting him to visit and lodge at his house. It is a matter of common knowledge, as well as of common regret, that cases of seduction do happen in families where parental diligence and care are of the highest order. And while it is doubtless very rare that two daughters of the same family should meet with such a serious misfortune, yet we fail to see how it can be legitimately inferred that because one daughter had previously been seduced, in the circumstances aforesaid, the father in any way connived at or contributed to the seduction of the other.

If the plaintiff's conduct in connection with the seduction of his *elder* daughter was not open to the charge of careless indifference, or connivance, as we think it was not, *a fortiori* it cannot be said to be open to said charge in connection with the seduction of his *younger* daughter. Of course no question is made as to the admissibility, in mitigation of damages, of evidence of the bad character or chastity of the person seduced, in cases of this sort, or that the father is a man of profligate character and dissolute habits, or even guilty of careless indifference, which practically amounts to connivance, in affording opportunities for criminal intercourse between his daughter and the defendant. See cases cited in note 6 to *Weaver* v. *Bachert*, 44 Amer. Decis. 172 ; *Seagar* v. *Sligerland*, 2 Caines, 219 ; *Zerfing* v. *Mourer*, 2 Greene, (Iowa,) 520 ; 21 Amer. & Eng. Encyc. of Law, 1035–1037, and cases cited ; Webb's Pollock on Torts, 281, note, "*Damages;*" 2 Greenl. Ev. 14th ed. § 579.

But the defendant's counsel contends that whether the testimony objected to in this case was admissible or not, the admission thereof did not prejudice the plaintiff, because the jury found for the defendant on the question of liability, and hence did not consider the question of damages at all.

It is doubtless true that the admission of improper testimony which it appears could not have influenced the verdict, is no ground for a new trial. *Ames* v. *Potter*, 7 R. I. 265. But we cannot say that the evidence objected to in this case was of that sort. On the other hand, we think it was such

as would be likely to prejudice the jury against the plaintiff. See *Graham* v. *Coupe,* 9 R. I. 478 ; *King* v. *Colvin,* 11 R. I. 582.

Petition for new trial granted.

*Albert B. Crafts,* for plaintiff.

*Clarence A. Aldrich,* for defendant.