First Appellate Department, June, 1905. Reported. 105 App. Div. 642.

PATRICK W. CULLINAN, as State Commissioner of Excise of the State of New York, Respondent, *v.* CHARLES FURTHMANN and the UNITED STATES FIDELITY & GUARANTY COMPANY, Appellants.

*Abraham Gruber* and *Terence J. McManus,* for Appellant Furthmann.

The failure of the plaintiff to offer proof of all the alleged violations did not preclude the cross-examination of his witnesses

in relation thereto, and in relation to the testimony previously before the grand jury and at the first trial of this action given in relation thereto. (*Langley* v. *Wadsworth*, 99 N. Y. 61; *Platner* v. *Platner*, 78 N. Y. 90; *Weber* v. *Manheimer*, 23 Misc. 157; *People* v. *Strait*, 154 N. Y. 171; Code of Civ. Pro. § 192.) Whether such witnesses had previously testified voluntarily or under subpoena, is immaterial. This court may review the trial court's exercise of discretion on this point. (*Mowbray* v. *Gould*, 63 App. Div. 158.) It was error to sustain objection to the question as to how many saloons there were in the neighborhood which the witness overlooked while getting evidence of violations at defendant's place. It was error to strike out the defendant's answer that he did not sell liquor to anybody on Sunday in 1898, a period which covers the occasions involved in the issues. (*People ex rel. Phelps* v. *Oyer & Terminer*, 83 N. Y. 437; *People* v. *Gates*, 13 Wend. 311.) See *People* v. *Fitzgerald*, (8 N. Y. Supp.), as to limitation of cross-examination.

It was error to charge that " where evidence is within reach of a party upon a matter in issue, and he fails to produce it, the fact that he does not produce it if he might have done so may be considered in determining the truth of his own statement on the particular question." The rule of law is that where a party fails to produce proof that may justly be presumed to be within his reach, which proof goes to the fact in dispute, his failure to produce the same would warrant the inference that it would be unfavorable to him. (*Cushman* v. *DeMallie*, 46 App. Div. 381; *McGuire* v. *Hartford Fire Ins. Co.*, 7 App. Div. 590; *Ryder* v. *Miller*, 86 N. Y. 507; *People* v. *Hovey*, 92 N. Y. 554.) In a civil action, a party's omission to call a witness who has no other or better knowledge of the matter in dispute than the witnesses produce, is not necessarily suspicious, entitling the adverse party to every presumption to his prejudice. (*Bleeker* v. *Johnson*, 69 N. Y. 312; *Fitzpatrick* v. *Woodruff*, 47 N. Y. Superior Rep. 441; *Mowbray* v. *Gould*, 63 App. Div. 159.

*Guggenheimer, Untermeyer & Marshall*, attorneys for appellant.

The United States Fidelity & Guaranty Company rely on the other appellant's brief.

*William E. Schenck, William Vanamee* and *Herbert H. Kellogg*, for State Commissioner of Excise.

The verdict of the jury was not against the weight of evidence. The positive testimony of plaintiff's two witnesses was only contradicted by defendant Furthman, and his denial was of the most general, indefinite and evasive sort. (*Cullinan* v. *Kisselbrack*, 43 Misc. 103; *Culhane* v. *City of New York*, 60 N. Y. 133; S. C., 67 Barb. 562; *Tolman* v. *Syracuse*, 27 Hun, 325.) Plaintiff's special agents are not to be considered detectives, nor is their testimony to be subject to the scrutiny given to detectives' testimony. (*Cullinan* v. *Trolley Club*, 65 App. Div. 202; *Cullinan* v. *Rorphuro*, 93 App. Div. 200.) The jury passed upon the conflicting evidence, and the verdict should not be disturbed. (Baylies' New Trials and Appeals, p. 401; *Hayes* v. *Thompson*, 2 Hun, 518; *Chaffee* v. *Morse*, 2 Hun, 602; *Perry* v. *Lansing*, 17 Hun, 34; *Duffus* v. *Schwinger*, 92 Hun, 70.) It was not error to show that plaintiff's special agents had taken the oath of office, and filed the bond required by law. (Liquor Tax Law, § 10; Public Officers' Law, § 10.) It was not error to exclude evidence as to how many saloons were in the vicinity of defendant's place, or to exclude the witnesses' opinion as to whether it was respectable, or as to the character of the neighborhood. The application of the rule that the cross-examination of a witness is limited to the facts and circumstances stated in the direct examination, is left largely to the discretion of the court. (Abbott's Trial Brief, Civil Jury Trials, p. 160; *Neil* v. *Thorne*, 88 N. Y. 275; *People ex rel. Phelps* v. *Oyer and Terminer*, 83 N. Y. 436; *Rheinfeld* v. *Dahlmann*, 19 Misc. 162.) The cross-examination of plaintiff's witnesses as to testimony given in the criminal trial of defendant Furthmann, was properly restricted. (Abbott's Trial Brief, Civil Jury Trials, p. 167; *Bank* v. *Slemmons*, 34 Ohio St. 142; *Bissel* v. *Starr*, 32 Mich. 297; *Bird* v. *Hudson*, 113 N. C. 203.) To examine a witness in regard to his testimony at a previous trial, he must be confronted with the question and answer as to a specific statement, and asked whether he was asked such question and gave such answer thereat. (Abbott's Trial Brief, Civil Jury Trials, p. 177; *Vaugh Machine Co.* v. *Quintard*, 37 App. Div. 368; *Weymouth* v. *B'way R. R. Co.*, 2 Misc. 506. It was immaterial whether any rebate had been paid on the certificate issued to defendant after the time when plaintiff claims defendant violated the law, and the exclusion of testimony on that point was proper. It was also immaterial whether proceedings were instituted to

revoke such certificate on the application for such rebate. (*Matter of Lyman* v. *Scharmann,* 32 Misc. 62.) These points were made on the first appeal in this case, and disregarded. (*Cullinan* v. *Furthmann,* 70 N. Y. 110.) The charge of the court that the plaintiff and the special agents had no financial interest whatever in the outcome of this case, was proper. (*Cullinan* v. *Trolley Club,* 65 App. Div. 202.) The charge of the court relative to the defendant's failure to produce certain witnesses, was proper. (*People* v. *Dyle,* 21 N. Y. 578; *Bleecker* v. *Johnson,* 69 N. Y. 309; *Brooks* v. *Steen,* 6 Hun, 516; *Barrows* v. *Hodgkins,* 4 Weekl. Dig. 430; *Clark* v. *N. Y. Ry. Co.* 40 Hun, 605; *Ripley* v. *Second Av. Ry. Co.,* 8 Misc. 449.) The Trial Court's reference to a possible complaint to the State Commissioner of Excise which resulted in the investigation by the latter's special agents, is not a reversible error. (*Muetze* v. *Tutner,* 77 Wis. 236.) As a whole, the charge clearly and concisely advised the jury concerning the evidence applicable to the issue. (Abbott's Trial Brief, Civil Jury Trials, p. 438; *Denver Tramway Co.* v. *Owens,* 20 Colo. 107; *Chicago & A. R. Co.* v. *Pontiac,* 169 Ill. 155.) A charge is not to be judged by isolated statements. (*Schreiber* v. *Twenty-third St. Ry. Co.* 27 Weekl. Dig. 192; *Spring* v. *Miller,* 16 N. Y. 407; *Meyers* v. *Dean,* 132 N. Y. 65; *Hickenbottom* v. *D. L. & W. R. R. Co.,* 122 N. Y. 91; *Caldwell* v. *M. J. Steamboat Co.,* 47 N. Y. 282; *Randall* v. *Packard,* 142 N. Y. 47.)

The judgment was right, and should be affirmed.

Judgment and order affirmed, with costs. No opinion.