PEOPLE v. LA LONDE.

1. CRIMINAL LAW—TRIAL—TAKING PAPERS TO JURY ROOM—DISCRETION OF COURT.

It lies within the discretion of the trial court in a criminal case to permit papers and documents to be taken to the jury room for consideration of the jury.

2. SAME.

Where there was a misunderstanding between opposing counsel in a criminal case as to what papers it had been agreed by them in open court should go to the jury room for the consideration of the jury, the trial court was in position to know what agreements were made by counsel, and its exclusion of certain papers could not be deemed erroneous.

**3.** SAME — STATUTORY RAPE — EVIDENCE — ADMISSIBILITY — WIT-
NESSES—CREDIBILITY.

In a criminal prosecution for rape, a question asked de-
fendant on cross-examination as to whether he had been
responsible for the birth of a child by a woman employed
in his office a number of years prior to the offense charged,
while inadmissible to show that defendant had been guilty
of similar offenses, was admissible as affecting his credi-
bility.

**4.** SAME—TRIAL—ARGUMENT OF COUNSEL—APPEAL AND ERROR.

In a criminal prosecution for statutory rape, it was re-
versible error for the prosecuting attorney to state in his
closing argument that, after the case was closed and the
testimony all in, defendant's attorney had declaimed
against the prosecuting witness and pilloried her as a
young prostitute, a liar, and an evil little thing, where the
only basis for such statement of the prosecuting attorney
was evidence tending to show that defendant's attorney
had called the prosecuting witness a liar.

Error to Chippewa; Fead, J. Submitted January
10, 1917. (Docket No. 157.) Decided June 28, 1917.

William S. La Londe was convicted of statutory rape
and sentenced to imprisonment for not less than four
nor more than twelve years in the State prison at
Marquette. Reversed.

*M. M. Larmonth* and *F. T. McDonald,* for appellant.

*Alexander J. Groesbeck,* Attorney General, and
*Thomas J. Green,* Prosecuting Attorney, for the
people.

BIRD, J. The respondent has assigned error on a
judgment of conviction for the crime of statutory rape
upon one Edith Innis at the city of Sault Ste. Marie,
in the month of May, 1915.

Respondent is a resident of Sault Ste. Marie, and is
68 years of age, and at that time was engaged in the
insurance business. It is claimed by the people that he

arranged with Edith's mother to have Edith come and assist him in his office after school hours, and that on or about the 1st day of May, 1915, he had intercourse with her in his office. Upon reaching home Edith informed her mother that respondent had caressed and kissed her. By reason of this the mother refused to allow her to return to his office again. In December, 1915, she became ill and was taken to the hospital, where upon examination she was found to be pregnant. Then for the first time she disclosed to her mother that she had been intimate with respondent or with any other person. Respondent denies that he ever had intercourse with the girl, and claims that he was at the time sexually impotent, and had been for several years prior thereto, by reason of a severe injury which he received from the kick of a horse.

·1. The first assignment of error is based upon the refusal of the trial court to allow the testimony taken at the examination and made a part of the return to be taken to the jury room. It is claimed by respondent that the prosecuting attorney agreed in open court that the testimony might be taken to the jury room, but subsequently and after the jury had retired he withdrew his consent, and that by so doing it resulted in harm to respondent, as his counsel did not comment in the closing argument upon the variance in the testimony of the complaining witness as fully as they would have done had they not supposed the jury were to have the benefit of it while considering their verdict. Ordinarily when counsel consent, papers and documents are permitted by the court to be taken to the jury room. But it is not usual to permit this to be done when either party objects. *Kalamazoo Novelty Manfg. Co.* v. *McAlister*, 36 Mich. 330. The question, after all, is one of discretion with the trial court. *Canning* v. *Harlan*, 50 Mich. 320 (15 N. W. 492); *Tubbs* v. *Insurance Co.*, 84 Mich. 646 (48 N. W. 296).

In the instant case a misunderstanding arose between counsel as to whether the entire return of the justice or only the testimony should go to the jury room. The trial court was in a position to know what agreements were made by counsel in open court and what their respective claims were with reference to it. The court also had before him the fact that respondent's counsel had the benefit of the testimony upon the cross-examination of the complaining witness, and called attention to the variance in her testimony at the trial from that given on the examination. Upon this situation the court exercised its discretion, and held that the testimony should not go to the jury room. We cannot say that the court was in error in so ruling.

2. Upon the cross-examination of the respondent the prosecutor asked the following question:

"Mr. La Londe, were you responsible for the child born to a woman employed in your office about 7 or 8 years ago?"

Objection was made and overruled, and error is assigned thereon. Counsel say it was asked to create in the minds of the jury the belief that the respondent had been guilty of similar offenses as the one for which he was on trial. The testimony was not permissible for that purpose, but was competent as affecting the credibility of the witness. To allow it to be answered was within the discretion of the trial court. *Wilbur* v. *Flood*, 16 Mich. 40 (93 Am. Dec. 203) ; *Threadgool* v. *Litogot*, 22 Mich. 271; *Beebe* v. *Knapp*, 28 Mich. 53; *Bissell* v. *Starr*, 32 Mich. 297; *People* v. *Whitson*, 43 Mich. 419 (5 N. W. 454) ; *Driscoll* v. *People*, 47 Mich. 413 (11 N. W. 221) ; *Leland* v. *Kauth*, 47 Mich. 508 (11 N. W. 292) ; *McBride* v. *Wallace*, 62 Mich. 451 (29 N. W. 75) ; *People* v. *Harrison*, 93 Mich. 594 (53 N. W. 725) ; *People* v. *Mulvaney*, 171 Mich. 272 (137 N. W. 155) ; *Totten* v. *Totten*, 172 Mich. 565 (138 N. W.

257) ; *Lunde* v. *Railway*, 177 Mich. 374 (143 N. W. 45).

3. In his closing argument the prosecuting attorney said to the jury:

"The only thing that I recall having heard against her, gentlemen, is that after the case was closed, the testimony all in, respondent's counsel declaimed against her and pilloried her before this community as a young prostitute, * * * as a liar, and as an evil little thing."

This is assigned as error. Counsel insist that the statements were unwarranted, and that the tendency of this language was to unduly inflame the passions of the jury. It is asserted that counsel for respondent characterized the girl in his argument as a liar, and the record gives some support to this assertion, but we find nothing in the record to support the charge that respondent's counsel pilloried the complaining witness as a common prostitute before the jury, or that they made any attack upon her character. It is conceded by both counsel that there is nothing in the record which would justify such an attack. The prosecutor does not offer much justification for the language complained of except to reiterate the charge. He makes no direct charge in his brief of the language used by respondent's counsel. Inasmuch as it is not made to appear by the record that respondent's counsel made any such attacks on the complaining witness, we must assume that they did not do so. In view of the delicacy of the situation for defendant and the fact that his conviction depended almost wholly upon the testimony of the girl, we think the language of the prosecutor was intemperate to the degree that it was injurious to respondent, and therefore reversible error.

Application was made for a new trial based principally upon newly-discovered evidence, and later a second or supplemental application was made, based upon

a showing that one of the jurors in the case was an alien. Much of the briefs are devoted to the action of the trial court in denying these applications. As these questions are not likely to arise upon a new trial, it will be unnecessary to consider them.

For the error pointed out, the judgment of conviction will be reversed, and a new trial granted.

KUHN, C. J., and STONE, OSTRANDER, MOORE, and BROOKE, JJ., concurred. STEERE and FELLOWS, JJ., did not sit.