TURNER v. ROSEMA.

1. EXECUTION—NOTICE—ESTOPPEL.

In action of trover against sheriff for certain farm implements, tools, stock and produce, sold by him, but to which plaintiff claimed title, plaintiff *held*, not estopped because of notice given sheriff claiming partial ownership of such goods where subsequent notice to sheriff repudiated first and claimed all the goods and undersheriff sold some property claimed to be plaintiff's in first notice.

2. SAME—INTERMINGLING OF GOODS OF THIRD PARTY.

Rule that where goods of execution debtor are intermingled with those of a third party latter must point out to officer specific goods he claims to own on peril of having them sold *held*, inapplicable where jury finds all goods claimed by third party belonged to him.

3. SAME—SALES—TROVER—ESTOPPEL—CLAIM OF TITLE.

Fact that third party, claiming property sold at execution sale, was present thereat and made no objection to it *held*, not to estop plaintiff in action of trover against sheriff to whom plaintiff had made specific claim of title.

4. APPEAL AND ERROR—TROVER—INTERMINGLING—TITLE—EXECUTION SALE—TRIAL—REQUESTS TO CHARGE.

In action of trover against sheriff for sale of plaintiff's farm implements, tools, stock and produce at execution sale held under judgment levy against plaintiff's father and mother, omission of court to charge relative to intermingling of goods *held*, not reversible error where plaintiff prevailed fully on basic issue—ownership of goods.

Appeal from Ottawa; Miles (Fred T.), J. Submitted June 4, 1936. (Docket No. 68, Calendar No. 39,018.) Decided September 2, 1936.

Trover by Robert Turner and wife against Benjamin Rosema, Ottawa county sheriff, for the value of farm implements, produce and stock seized on an execution. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Charles E. Misner,* for plaintiffs.

*Leo C. Lillie* and *Howard W. Fant,* for defendant.

FEAD, J. September 10, 1934, defendant, through his undersheriff, levied on certain farm implements, tools, stock and produce under an execution issued upon a judgment against Fillmore Turner and wife, parents of plaintiff Robert Turner. The undersheriff set aside certain goods as exempt and, on September 18th, gave notice of public sale of the

balance. Sale was had October 2d. Plaintiff Robert Turner, claiming to be the owner of all the property sold, brought this action of trover in the name of himself and wife. As he is the real party in interest, we will refer to him as plaintiff.

The court submitted the case to the jury on the issue of whether plaintiff was the owner of the goods sold by the undersheriff and with the instruction to find for the plaintiff for the value of all or such part of the goods, if any, as it should find he owned. Plaintiffs had verdict and judgment for $757.30 (with interest), testified value of all the property sold under the execution.

After the levy, plaintiff consulted an attorney, Louis H. Osterhous, who on September 26th gave written notice to defendant of claim that certain designated goods were exempt from execution, plaintiff owned a half interest in others, was the sole owner of some, and his wife owned one article. Plaintiff testified that he did not give Mr. Osterhous the information included in the notice and did not know where he had obtained it. There was no denial of his statement. After such notice, and before sale, plaintiff and another attorney, Mr. Misner, visited the sheriff, made claim to all the property mentioned in the notice of sale and demanded that none of it be sold. Plaintiff appeared at the sale and made no objection to it, although his father then told the officers that the property belonged to plaintiff.

Defendant contends that plaintiff was estopped from claiming title to all of the property sold because of the notice by his attorney, Mr. Osterhous, that he owned only part of it. No estoppel could arise therefrom because, aside from the lack of showing of authority of Mr. Osterhous to make the claim in the manner he made it, plaintiff repudiated it by afterward making claim to all of the property before

the officer acted upon the notice; and, in addition, the undersheriff did not rely upon the notice and sell in accordance therewith but sold some of the property therein claimed to be plaintiff's.

Defendant also invokes the rule that where goods of the execution debtor are intermingled with those of another, the third party must point out to the officer the specific goods he claims to own on peril of having them sold under the execution. *McCausey* v. *Hoek,* 159 Mich. 570 (18 Ann. Cas. 945). The rule is not applicable because the jury found that all the property sold belonged to plaintiff and, consequently, there was no confusion of goods nor occasion to claim separate articles. If the jury had not found plaintiff to be the owner of all the property sold, the question of the effect of the rule would need discussion.

Defendant also contends plaintiff is estopped from claiming title because he attended the sale and made no objection to it. The point might be sound if he were seeking to recover from a purchaser at the sale but it does not obtain to bar recovery from the sheriff to whom he had theretofore made specific claim of title. *Canning* v. *Harlan,* 50 Mich. 320.

Defendant also complains of the charge and some matters of testimony. Under the evidence, the basic issue was the ownership of the goods. Plaintiff having prevailed fully on this issue, the omission of the court to charge the rule of intermingled goods did not constitute reversible error. The other contentions of defendant are untenable under familiar principles of law and need no discussion.

Affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.